■ In the Matter of the Accounting of the BANK OF NEW YORK, as Trustee of the Trust for the Benefit of CATHERINE M. LEGGET, Made by DAVID G. LEGGET, Grantor. DAVID G. LEGGET, IV, Appellant; WILLIAM A. SHEA, Respondent.— Order entered February 8, 1966 granting reargument, and upon reargument confirming the original order entered October 15, 1965 which denied the motion of the appellant to revoke the appointment of the respondent guardian ad litem, reversed on the law, the facts and in the exercise of discretion, and the motion is granted to the extent of revoking and canceling the conditional appointment of the respondent, and appointing the appellant's mother as guardian ad litem in this proceeding, without costs or disbursements to appellant. The appointment of the guardian ad litem, the

respondent herein, was made pursuant to an order to show cause, presented by the Bank of New York in connection with the judicial settlement of its account. The order provided that the respondent "shall * * * represent such of them [the infants] who, after due service, failed to appear by a duly qualified and capable person pursuant to Civil Practice Law and Rules, § 1201, on or before the return day". Before the return day, the appellant petitioned the court to revoke and cancel the conditional appointment of respondent as guardian ad litem, and to appoint the appellant's mother as guardian ad litem or, in the alternative, Frank H. Detweiler, Esq., a member of the New York Bar. The appointment of the guardian ad litem by way of order to show cause was an improvident exercise of discretion. In *Matter of Beyer* (21 A D 2d 152, 155) we noted that the procedure, as simplified under CPLR 1201 and 1202 is "to await the application of the persons entitled to move for the appointment of the guardian ad litem and, after due consideration of any recommendation, to make an appointment". There being no showing here that if such procedure were followed it would constitute a danger to the infant's interests, the court should not have appointed a guardian ad litem at the time the order to show cause was signed — particularly when it was aware that the appellant had a general guardian. Such appointment at that stage in the proceeding had the "pragmatic effect of rendering the new procedure less effective than it was intended to be" since "any person interested in the representation of the infant would be faced with a *fait accompli,* an existing appointee whom he would be under a burden to displace" (*Matter of Beyer, supra,* p. 155). Therefore, Special Term should have granted the petitioner's application to revoke the conditional appointment of respondent, such appointment not having been properly made in the first instance. In any event, upon the return date, the mother should have been appointed guardian ad litem, the appellant having appeared pursuant to the order and there having been no showing of any reason why the mother should not be appointed. Indeed, CPLR 1201 and 1202, effecting a change from the practice under the Civil Practice Act, indicates the legislative preference for the appearance of the natural guardian (*Matter. of Beyer, supra,* p. 154). Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Steuer and Witmer, JJ.