(August 13, 1981)

■ In the Matter of the Accounting of MANUFACTURERS HANOVER TRUST COMPANY et al., as Trustees under Trust Agreements by BARBARA S. HOLM-YARD, Deceased Settlor, Respondents. SAMUEL A. NEWBURGER, AS GUARDIAN AD LITEM, RESPONDENT; WILLIAM B. FERRELL, JR., Appellant. — Order, Supreme Court, New York County (Wallach, J.), entered February 3, 1981, appointing a guardian ad litem for the infant respondents, unanimously reversed, on the law, without costs or disbursements, the natural father's notice of appearance reinstated and the appointment of a guardian ad litem vacated. The record discloses that the father has no interest adverse to those of the infants in either of the two trusts as to which this intermediate accounting proceeding is brought. That he is married to one of the accounting parties, the mother of the infants, is not a sufficient basis upon which to conclude that a conflict exists. The father has been shown to be duly qualified and capable. "CPLR 1201 and 1202, effecting a change from the practice under the Civil Practice Act, indicates the legislative preference for the appearance of the natural guardian". *(Matter of Legget,* 25 AD2d 727, 728.) It is the policy of this State to encourage parents to act as guardians, thereby avoiding unnecessary appointments and the expense of a guardian ad litem. *(United States v Noble,* 269 F Supp 814, 816.) While the father may have "reviewed the statements of transactions furnished by the trustees" and "monitored the trust * * * since [his] marriage", there is not the slightest suggestion that he has made any decisions affecting the trusts. No conflict is shown. Concur — Murphy, P. J., Kupferman, Sullivan and Ross, JJ.