■ In the Matter of NORMAN A. PALMIERE, for Appointment of a Guardian ad Litem for DAVID A. PALMIERE, an Infant, Appellant. DAVID M. PALMIERE et al., Respondents. [726 NYS2d 316] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced this proceeding seeking the appointment of a guardian ad litem for a grandson, who was injured at the home of his aunt and uncle when he was six years old. Petitioner contends that there is a conflict of interest between the child and his parents, who have refused to commence a personal injury action against family members on the child's behalf. Supreme Court did not abuse its discretion in denying the petition. By enacting CPLR 1201, the Legislature has "demonstrated a preference for natural guardians" (*Stahl v Rhee*, 220 AD2d 39, 44), and "[i]t is the policy of this State to encourage parents to act as guardians, thereby avoiding unnecessary appointments and the expense of a guardian ad litem" (*Matter*

*of Manufacturers Hanover Trust Co.*, 83 AD2d 808). Where, as here, "reasonable minds may legitimately differ, the judgment of the infant's natural guardian[s] should prevail" (*Stahl v Rhee, supra,* at 46). Under the circumstances of this case, it cannot be said that the decision of the child's parents not to commence an action against family members was "unreasonable, arbitrary, or capricious" (*Stahl v Rhee, supra,* at 46). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Guardian ad Litem.) Present—Pigott, Jr., P. J., Pine, Kehoe and Burns, JJ.