■ PETER J. SAVAGO et al., Respondents, v EVERETTE PAYNE

et al., Appellants.—Casey, J. P. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered August 9, 1989 in Ulster County, upon a decision of the court in favor of plaintiffs, and (2) from an order of said court, entered August 10, 1989 in Ulster County, which denied defendants' motions to, *inter alia,* vacate a prior order striking defendants' answer and counterclaim.

Plaintiffs and defendants are adjoining property owners in Ulster County. Plaintiffs sued to recover damages to their property caused by the trespass of defendants' cows and horses. After issue was joined, defendants failed to appear for an examination before trial on three separate occasions. Plaintiffs filed a request for judicial intervention and a preliminary conference was scheduled by Supreme Court for October 1, 1987. Upon defendants' failure to appear, Supreme Court ordered defendants' answer and counterclaim stricken on October 27, 1987, and referred the matter to a Referee for assessment of damages. Based on the testimony adduced at that hearing, held on April 4, 1988, in which defendants participated and offered proof on their own behalf, the Referee issued a report on February 9, 1989 assessing damages at $4,574.14 plus statutory costs. Defendants then submitted two orders to show cause: (1) to vacate the order of default rendered October 27, 1987, and (2) to reject or disaffirm the Referee's report. Supreme Court denied defendants' requested relief and rendered final judgment in favor of plaintiffs in the amount found by the Referee.

On this appeal, defendants initially argue that Supreme Court erred in denying their request to vacate the order of default. We disagree. Defendants were notified of the default order on or about October 27, 1987 and failed to move against the order until approximately 17 months later, and then only after the inquest on damages had been held. Defendants' excuse for their delay, i.e., that they believed the fence they installed would settle the dispute, is legally insufficient. As we have previously held, inordinate delay after learning of a default is evidence of willful protraction of a case and a valid ground for refusal to vacate the default *(Special Prods. Mfg. v Douglass,* 159 AD2d 847). Furthermore, defendants' implied concession of liability at the inquest, when they admitted that they themselves offered to repair plaintiffs' damages, belies their contention of a meritorious defense.

We further find meritless defendants' argument that the judgment is erroneous since its amount exceeded the amount demanded in plaintiffs' bill of particulars ($2,086.60) and in

plaintiffs' summons and notice ($3,000). Plaintiffs' complaint sought "an amount substantially in excess of the maximum monetary jurisdiction of all the lesser Courts of the State of New York" and the bill of particulars sought "remuneration for such other damages as the plaintiffs shall prove upon the trial of the action herein". When the increased amounts of damages were offered at the hearing, defendants failed to claim surprise or request a continuance to offer contradictory proof. The higher amount of damages sought and awarded based on the already disclosed legal theory is not prejudicial *(see, General Elec. Co. v Towne Corp.,* 144 AD2d 1003, 1004, *lv dismissed* 73 NY2d 994). Accordingly, the pleadings and judgment can properly be amended to conform to the proof *(see, Hummel v Vicaretti,* 152 AD2d 779, 780-781, *lv dismissed* 75 NY2d 809).

Finally, we find no violation of the best evidence rule by the introduction of plaintiffs' honored checks to a chemical lawn treatment company. The checks were properly introduced to show payment of some of the damages by plaintiffs *(see, Nappi v Gerdts,* 103 AD2d 737). Accordingly, the judgment and order of Supreme Court should in all respects be affirmed.

Judgment and order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.