■ THOMAS J. ROTANELLI, Respondent, v GARY P. LONGO, Defendant and Third-Party Plaintiff-Appellant. DEBORAH LONGO, Third-Party Defendant-Respondent. [620 NYS2d 130] —In an action to recover the proceeds of a loan, the defendant third-party plaintiff, Gary P. Longo, appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered June 4, 1993, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $12,000 and which dismissed his affirmative defenses and his third-party complaint.

Ordered that the judgment is affirmed, with one bill of costs payable to the plaintiff-respondent and third-party defendant-respondent appearing separately and filing separate briefs.

The Supreme Court properly dismissed the defendant's affirmative defenses. The alleged loan was to be repaid within one year, and it was therefore not required to be in writing (see, General Obligations Law § 5-701 [a] [1]). In addition, the action was timely commenced within six years of the defendant's default on the loan (see, CPLR 213 [2]).

We find no error in the admission of the copy of the loan check into evidence. The defendant admitted that the plaintiff had tendered a check for $12,000 and that he had signed the check over to a business associate for investment in a limited partnership. Because there was no dispute as to the contents of the writing (i.e., the check), but only as to whether the money was intended as a gift or a loan, the best evidence rule did not prevent admission of the check into evidence (see, Richardson, Evidence §§ 568, 572 et seq. [Prince 10th ed]).

The defendant's net worth statement, prepared in the course of litigating his divorce from the plaintiff's daughter, was properly admitted into evidence as an admission that the $12,000 was a loan rather than a gift. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.