■ EAST NEW YORK SAVINGS BANK, Respondent, v SUN BEAM ENTERPRISES, INC., et al., Defendants, and INTEGRA REALTY, INC., Appellant. [671 NYS2d 217] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 12, 1996, which, in an action to set aside a fraudulent conveyance, denied defendant-appellant's motion to vacate so much of the default judgment entered against it on November 28, 1995 as awarded plaintiff money damages, unanimously affirmed, without costs. Judgment, same court and Justice, entered January 24, 1997, awarding plaintiff attorneys' fees of $80,479.28, and bringing up for review a prior order, entered January 15, 1997, which granted plaintiff's motion to confirm the Special Referee's report on the issue of the reasonable value of plaintiff's attorneys' fees, unanimously reversed, on the law, without costs, and the matter remanded for a finding on the reasonable value of the attorneys' fees incurred by plaintiff solely in connection with the instant action (Index No. 103873/95). Appeal from order, same court and Justice, entered Janu-

ary 15, 1997, unanimously dismissed, without costs, as superseded by the appeal from the judgment of January 24, 1997. Appeal from order, same court and Justice, entered December 23, 1996, unanimously dismissed, without costs, as abandoned.

Defendant's claim that the default judgment erroneously awarded relief not sought in the complaint is barred by the doctrine of law of the case (*see, Glynwill Invs. v Shearson Lehman Hutton*, 216 AD2d 78, 79, citing, *inter alia, Karasik v Karasik*, 172 AD2d 294), such claim not having been made in defendant's first motion to vacate the default judgment, which was denied (234 AD2d 131). For similar reasons, defendant's claim that plaintiff is not entitled to attorneys' fees is also barred. However, the fee award erroneously includes services rendered in connection with the foreclosure action, when it should have been limited to the services rendered only in this action, and we accordingly reverse the award of fees and remand the matter for new findings in that regard. We have reviewed defendant's remaining claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Rubin, Tom and Saxe, JJ.