■ Robinson Saw Mill Works, Inc., et al., Respondents, v Richard Speilman, Also Known as Richard G. Speilman, et

al., Defendants, and STATE WIDE RECYCLING, INC., Also Known as STATE-WIDE RECYCLING, INC., et al., Appellants. [696 NYS2d 277] —Mercure, J. Appeals (1) from an order of the Supreme Court (Kane, J.), entered March 2, 1998 in Sullivan County, which, *inter alia,* upon default, set the matter down for a hearing to assess damages, (2) from an order of said court, entered April 10, 1998 in Sullivan County, which denied a motion by defendants State Wide Recycling, Inc., Franco Rotondo, Reno Rotondo and Paul Rotondo to vacate a default judgment entered against them, (3) from an order of said court, entered August 7, 1998 in Sullivan County, which, *inter alia,* assessed damages against said defendants, (4) from the partial judgment entered thereon, and (5) from an order of said court, entered January 13, 1999 in Sullivan County, which fixed the amount of counsel fees due plaintiffs.

This action arises out of the discharge onto property owned by plaintiffs Aaron I. Robinson and David E. Robinson of approximately 3,373.13 tons of construction and demolition debris by defendants State Wide Recycling, Inc., Franco Rotondo, Reno Rotondo and Paul Rotondo (hereinafter collectively referred to as defendants), among others. Alleging that defendants' actions violated applicable statutes and regulations controlling the disposal and use of construction and demolition debris, the complaint seeks damages for the cost of remedying the violation, expert and analytical testing expenses, counsel fees and punitive damages. Ultimately, Supreme Court entered a default judgment against defendants based upon their continued noncompliance with discovery notices and with Supreme Court's conditional order dated December 16, 1997. Supreme Court denied defendants' ensuing motion to vacate the default judgment, conducted an inquest and assessed damages at $284,760.28. Subsequently, Supreme Court awarded plaintiffs counsel fees and disbursements in the amount of $26,240.92. Defendants appeal.

We affirm. Initially, we are not persuaded that Supreme Court abused its discretion in granting plaintiffs' motion for a default judgment against defendants and in denying defendants' subsequent motion to vacate the default judgment. In our view, the record provides abundant support for Supreme Court's conclusion that defendants' default was both willful and contumacious. On April 21, 1997, plaintiffs served notices requiring defendants to produce records for inspection on May 15, 1997 and to attend a deposition on May 22, 1997. Depositions were thereafter adjourned to June 26, 1997. On June 17, 1997, defendants' counsel sought an adjournment of the depo-

sitions but provided no alternative dates. Due to plaintiffs' frustration in obtaining discovery, Supreme Court scheduled a discovery conference for July 29, 1997. On July 16, 1997, however, defendants' counsel gave notice of his intention to move for permission to withdraw due to the nonpayment of counsel fees. The discovery conference was rescheduled for September 11, 1997. Then, by order dated October 7, 1997, the withdrawal request was granted and defendants were required to retain counsel within 30 days following service of the order with notice of entry. The order was served upon defendants by mail on October 17, 1997.

On November 24, 1997, plaintiffs moved to strike the pleadings and for the entry of default judgment if defendants did not comply with the outstanding discovery requests and appear for depositions. Defendants did not oppose that motion, and Supreme Court issued the December 16, 1997 order striking the pleadings and granting judgment on default unless defendants complied with plaintiffs' April 21, 1997 notices by producing the specified records on January 6, 1998 and appearing for deposition on January 20, 1998. Defendants finally obtained counsel on or about December 18, 1997; his initial act on defendants' behalf was to seek an adjournment of the discovery provided for in Supreme Court's order. Despite plaintiffs' refusal to consent to any such adjournment, defendants did not produce any records on January 6, 1998. On January 9, 1998, plaintiffs moved for judgment on default.

Although it now appears that defendants' counsel had to be in Florida to attend to his ill wife on January 6, 1998, a circumstance which may of itself have excused the default in producing records on that day, the real cause of the default was defendants' dereliction in obtaining new counsel. We note that, although defendants were aware as early as March 1997 that their then-counsel would perform no further legal services absent payment, they apparently did nothing for a period of several months and in any event failed to obtain new counsel in time to reasonably ensure compliance with Supreme Court's conditional order. In our view, defendants' overall pattern of noncompliance and delay gave rise to an inference of willful and contumacious conduct on their part (see, Fucci v Fucci, 166 AD2d 551, 553; Henderson v Stilwell, 116 AD2d 861, 863, lv denied 68 NY2d 606), justifying both Supreme Court's initial grant of a default judgment against defendants and its denial of defendants' subsequent motion to vacate the default based upon their failure to show a reasonable excuse for the default (see, Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 141; Ayres v Power, 238 AD2d 753).

Defendants' remaining contentions do not warrant extended discussion. Giving due deference to Supreme Court's power to resolve credibility issues by choosing among conflicting expert opinions, Supreme Court's assessment of plaintiffs' damages was by no means against the weight of the evidence (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). Further, defendants' current claim that plaintiffs are not entitled to an award of counsel fees was not preserved for our consideration by an appropriate challenge in Supreme Court (*see, East N. Y. Sav. Bank v Sun Beam Enters.*, 248 AD2d 245).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the orders and judgment are affirmed, without costs.