■ SUSAN MARTIN et al., Appellants, v TOM BROOKS, Respondent, et al., Defendants. [703 NYS2d 823] —Mercure, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered March 16, 1999 in Chemung County, which dismissed the complaint against defendant Tom Brooks for plaintiffs' failure to comply with a conditional order of preclusion.

Plaintiffs commenced this action in June 1996 seeking to recover for injuries sustained by plaintiff Susan Martin (hereinafter plaintiff) when she fell on a roadway in a trailer park. Plaintiffs' claim of liability against defendant Tom Brooks (hereinafter defendant) is based upon his alleged negligent maintenance of the roadway. Together with his August 1996 answer, defendant served a notice for discovery and a demand for a bill of particulars. Despite defendant's repeated requests over the course of the ensuing two years, plaintiffs failed to provide various material relative to diagnosis and treatment of plaintiff's injuries and lost wages and other income.

Plaintiffs filed a note of issue in May 1998. In July 1998, Supreme Court struck the note of issue based upon its conclusion that discovery was not complete and plaintiffs were ordered to submit a proposed conference order. In December 1998, defendant moved to dismiss the complaint against him based on plaintiffs' failure to submit the conference order and their two-year failure to comply with defendant's discovery requests. On December 16, 1998, Supreme Court issued an order providing for dismissal of the complaint with prejudice unless, before the expiration of 30 days from the date of the order, plaintiffs "cause [material specifically identified in the order] to be received by defendant's counsel at their offices". Although it appears that substantially all of the required material was mailed to defendant's counsel on January 13, 1998, it is undisputed that the mailing was not received by defendant's counsel until January 19, 1998, four days beyond the January 15, 1998 deadline imposed by Supreme Court's order. Upon being advised of plaintiffs' failure to comply with its conditional order, Supreme Court granted judgment dismissing the complaint with prejudice. Plaintiffs appeal.

We affirm. Fundamentally, "[w]here a party in these circumstances disobeys a court order and by his [or her] conduct frustrates the disclosure scheme provided by the CPLR, dismissal of the complaint is within the broad discretion of the trial court" (*Zletz v Wetanson*, 67 NY2d 711, 713; *see, Kihl v Pfeffer*, 94 NY2d 118; *Reynolds Sec. v Underwriters Bank &*

*Trust Co.*, 44 NY2d 568, 571-572). Although plaintiffs' noncompliance with the conditional order of dismissal was likely inadvertent, their overall pattern of noncompliance over a two-year period gave rise to an inference of willful and contumacious conduct on their part (*see*, *Robinson Saw Mill Works v Speilman*, 265 AD2d 604, 605; *Lawrence H. Morse, Inc. v Anson*, 251 AD2d 722, 723). Further, in view of Supreme Court's express provision for *receipt*, rather than *service*, of the material within the 30-day period, plaintiffs were not entitled to the five-day extension of CPLR 2103 (b) (2).

Plaintiffs' remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.