■ GINA CIPPITELLI, Appellant, v COUNTY OF SCHENECTADY et al., Respondents, et al., Defendants. [727 NYS2d 190] —Peters, J. Appeal from an order of the Supreme Court (Lynch, J.), entered March 27, 2000 in Schenectady County, which granted certain defendants' motions to dismiss the complaint for failure to comply with court-ordered discovery.

Plaintiff commenced this action on December 3, 1992 by filing a summons with notice alleging claims grounded in negligence, intentional tort, nuisance and trespass. By complaint dated April 2, 1993, plaintiff alleged, *inter alia*, that defendants Jackson Demolition Services, Inc., Alexander Jackson and Fred Jackson negligently operated a landfill in the Town of Niskayuna, Schenectady County, that defendants Sweet Associates, Inc. and Niagara Mohawk Power Corporation negligently dumped waste at such landfill and that defendants County of Schenectady and Town of Niskayuna negligently allowed the landfill to be operated in violation of local laws.[1]

After issue was joined and discovery demands were served upon plaintiff, she failed to meaningfully respond. As a result, a 60-day order of preclusion, dated August 8, 1995, was issued. Plaintiff thereafter provided a bill of particulars and medical authorizations, yet failed to provide responses to all outstanding discovery demands. Plaintiff's counsel withdrew in June 1996 and new counsel was retained by June 1997. Although the record refers to a pretrial conference in October 1997 at which dates were decided for a scheduling order, a different scheduling order was signed by Supreme Court on December 22, 1997. Again, plaintiff failed to comply with such order and her second counsel withdrew by July 1998. At a pretrial conference on March 16, 1999, plaintiff appeared with attorney Marc Gerstman, not yet retained, wherein a third scheduling order was established. It was at such conference that the court allegedly instructed plaintiff that compliance with the order was required, regardless of whether she was proceeding *pro se* or with counsel. It advised her that "[f]ailure to comply with any of these directions may result in the imposition of costs or sanctions or other action." By April 9, 1999, the court was advised by Gerstman that he was not going to be representing plaintiff.

Plaintiff unsuccessfully sought an adjournment of the dates set forth in the March 1999 order. By such order, depositions of all parties were scheduled for June 29, 1999; plaintiff was notified of this date at least as early as April 22, 1999, confirmed on May 5, 1999 and again on May 27, 1999 by certified letter. Supreme Court further confirmed, by letter dated June 15, 1999, that no further postponements of the discovery order would be permitted. Plaintiff still failed to appear.

---

1. Though allegations were propounded against other named defendants, only the aforementioned defendants will be referred to in connection with this appeal and shall be collectively referred to as defendants.

Defendants each moved pursuant to CPLR 3124 and 3126 for the dismissal of the complaint, along with any cross claims, grounded upon plaintiff's willful refusal to comply with the March 16, 1999 scheduling order. Although some of those motions were returnable on November 22, 1999 and others on December 13, 1999, no opposition papers were submitted prior to those return dates. On November 22, 1999, however, Robert Stoddard, purporting to be plaintiff's new lawyer, requested an adjournment. On February 1, 2000, Stoddard submitted an answering affidavit in opposition and, as with the earlier letter, claimed that he represented plaintiff. He failed, however, to submit a formal substitution or consent to change attorney as required by CPLR 321 (b) and no affidavit was submitted from plaintiff attesting to this claim.

In the absence of proof demonstrating that a formal substitution of counsel was filed, Supreme Court concluded that Stoddard could not be deemed plaintiff's new attorney of record. Finding the motions to dismiss unopposed, it granted the dismissal of the complaint and cross claims against the moving defendants. Plaintiff appeals.

Pursuant to CPLR 321 (b), an attorney of record may be changed through a consent to change attorney or by court order. To date, Stoddard has failed to satisfy the statutory requirements of CPLR 321 (b),[2] and while he certified the record on appeal, plaintiff still appears *pro se*. Moreover, the record reveals no notification to Supreme Court or defendants that plaintiff ever retained him as counsel. As Stoddard's answering affidavit was filed subsequent to the latest return date of any motion under consideration (*see*, CPLR 2214 [b]), we find Supreme Court to have properly concluded that these motions were unopposed. With CPLR 3126 permitting a court to "make such orders * * * as are just," including the dismissal of the action (CPLR 3126 [3]) upon the refusal of a party to obey an order for disclosure or upon the willful failure to disclose information which a court finds ought to be disclosed, no error can be discerned. While plaintiff contends that her failure to respond was inadvertent, the record instead confirms an "overall pattern of noncompliance over a [lengthy] period [which gives] rise to an inference of willful and contumacious conduct" (*Martin v Brooks*, 270 AD2d 538, 539).

For these reasons, we cannot find that Supreme Court abused its discretion (*see*, *Kihl v Pfeffer*, 94 NY2d 118, 122;

2. By decision and order on motion dated April 9, 2001, we struck all documents appended to plaintiff's appellate brief, with the exception of exhibit I, as matters that are dehors the record.

*Martin v Brooks, supra,* at 538) in definitively declaring that her failure to retain counsel, for whatever reason, will not justify her continued course of conduct "[i]f the credibility of court orders and the integrity of our judicial system are to be maintained" (*Kihl v Pfeffer, supra,* at 123). Accordingly, as "[i]t is well settled that '[a] *pro se* litigant acquires no greater rights than those of any other litigant and cannot use such status to deprive [a] defendant of the same rights as other defendants' " (*Ferran v Dwyer,* 252 AD2d 758, 759, quoting *Brooks v Inn at Saratoga Assn.,* 188 AD2d 921), the order of dismissal in favor of the moving defendants was, in all respects, proper.

Mercure, J. P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with one bill of costs.