■ TRACIE C. CAVANAUGH, Appellant, v RUSSELL SAGE COLLEGE, Respondent. [771 NYS2d 755]—

Mugglin, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 24, 2002 in Rensselaer County, which, inter alia, granted defendant's motion to preclude plaintiff from offering any evidence at trial.

Plaintiff, a second semester senior nursing student at defendant college, was given a failing grade in Nursing 412 in the spring of 1998. In May 2000, she commenced this action seeking a passing grade, her Bachelor's degree in nursing and money damages. In August 2000, defendant served plaintiff with a first set of interrogatories and combined demands. Thereafter, defendant's repeated requests for a response, which included threats to seek preclusion, went unanswered. As a result, in April 2002, defendant moved for an order to compel plaintiff's response to the discovery demands. An order on consent, entered May 22, 2002, provided that if plaintiff did not respond within 60 days, she would be precluded from offering any evidence upon the trial of this action. There followed, on consent, a preliminary stipulation and order dated June 4, 2002, which provided that all disclosure be furnished by July 17, 2002. Having received nothing, defendant moved for preclusion pursuant to CPLR 3126. Although plaintiff, as part of her response to the motion, submitted a response to defendant's discovery demands, Supreme Court precluded plaintiff from offering any evidence at trial. Plaintiff appeals.

We affirm. CPLR 3126 authorizes a court to fashion an appropriate remedy when a party refuses to obey an order of disclosure or willfully fails to disclose information. The choice of remedy lies within Supreme Court's discretion and is not disturbed absent clear abuse, despite a general policy which favors resolution of disputes on their merits (see Biggs v O'Neill, 309 AD2d 1110, 1111 [2003]; Kinge v State of New York, 302 AD2d 667, 669 [2003]). Here, we find no abuse of discretion. Not only did plaintiff repeatedly rebuff defendant's entreaties

to obtain disclosure, but plaintiff disobeyed a conditional court order and a court-ordered disclosure schedule. The two-year period of noncompliance gives rise to an inference of willful and contumacious conduct on the part of plaintiff (*see Martin v Brooks*, 270 AD2d 538, 539 [2000]). Plaintiff has offered no suitable excuse for her dilatory conduct, which effectively denied defendant a speedy resolution, thereby impacting the integrity of the judicial system (*see Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.