■ ROBERT GREAVES, Respondent, v JACLYN BURLINGAME, Appellant. [783 NYS2d 720]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered September 4, 2002 in Broome County, which, inter alia, granted plaintiff's motion to preclude certain evidence, and (2) from an order of said court, entered October 31, 2002 in Broome County, which, inter alia, granted plaintiff's motion for summary judgment.

The parties herein were involved in a relationship from September 1994 until October 2000. During part of that time, the parties lived together and apparently were engaged at one point but did not marry. Plaintiff made several gifts to defendant including, among other things, a half interest in plaintiff's residence. He also gave her a signed check in the amount of $10,000 to be used in an emergency, which defendant cashed soon after receiving it. After their final separation, plaintiff commenced this action alleging, inter alia, fraud in an effort to, inter alia, regain full title to the residence and recover the $10,000.

On October 17, 2001, plaintiff served interrogatories which included requests for various documents. Defendant did not respond and, in February 2002, plaintiff moved for, among other things, an order of preclusion. Supreme Court denied the motion and ordered both parties to comply with a discovery schedule. Defendant, represented by counsel, answered the interrogatories. Plaintiff rejected them, however, maintaining that he

received the answers after their due date and they were not complete, partially because of missing documents. On June 24, 2002, defendant did not appear on time for an examination before trial and, by the time she arrived, her counsel and the stenographer had left.

Thereafter, on July 1, 2002, plaintiff renewed, by order to show cause, his motion for summary judgment, preclusion and other relief. On July 26, 2002, Supreme Court conditionally denied that motion and set a new deadline, August 5, 2002, for compliance with discovery. Defendant released her attorney on August 5, 2002 and, proceeding pro se, wrote to Supreme Court on August 7, 2002, indicating, inter alia, that she wanted to comply with the discovery schedule and was "trying to get together all of the documents." On August 23, 2002, after receiving no further response from defendant, plaintiff resubmitted his request for a preclusion order. Defendant did not respond and Supreme Court granted that relief in an August 28, 2002 order. Plaintiff subsequently moved for summary judgment on his complaint and defendant's counterclaims. Although defendant opposed the motion and cross-moved for various forms of relief, Supreme Court, in an October 30, 2002 order, granted summary judgment in favor of plaintiff. Defendant appeals both orders.

With respect to the order of preclusion, there can be no dispute that a trial court has the authority "to fashion an appropriate remedy when a party refuses to obey an order of disclosure or willfully fails to disclose information" (*Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660 [2004]). "[T]he type and degree of the sanction imposed by the trial court will not be disturbed absent a clear abuse of the court's discretion" (*Matter of Pyramid Crossgates Co. v Board of Assessors of Town of Guilderland*, 287 AD2d 866, 870 [2001], *lv dismissed* 98 NY2d 634 [2002]; *see Appler v Riverview Obstetrics & Gynecology*, 9 AD3d 577, 578 [2004]; *Rankin v Miller*, 252 AD2d 863, 864 [1998]).

Here, we find no abuse of discretion with respect to the order of preclusion. The record demonstrates that defendant had ample notice of plaintiff's discovery requests but failed to comply with all deadlines, including a court-ordered disclosure schedule and a conditional court order (*see Cavanaugh v Russell Sage Coll., supra* at 661). Defendant was warned as to the consequences of her conduct and offered no adequate excuse (*see id.*). Accordingly, we find no basis to disturb Supreme Court's exercise of discretion given the many opportunities afforded defendant to comply (*see Saratoga Harness Racing v Roemer*, 290

AD2d 928, 929-930 [2002]). Furthermore, in light of the absence of competent proof sufficient to raise a question of fact to oppose the evidence offered by plaintiff, we also find no error in the court's subsequent grant of summary judgment in plaintiff's favor (*see* CPLR 3212 [b]).

The remaining arguments raised by defendant have been examined and found to be either unpersuasive or unpreserved for appellate review.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.