■ MICHELLE C. DU VALLE, Appellant, v SWAN LAKE RESORT HOTEL, LLC, et al., Respondents. [809 NYS2d 625]—

Peters, J. Appeal from an order of the Supreme Court (Meddaugh, J.), entered January 19, 2005 in Sullivan County, which granted defendants' motion for an order of preclusion and partially granted defendants' motion for summary judgment.

In April 2002, plaintiff commenced this action alleging, among other things, unpaid commissions and other benefits. Following joinder of issue, discovery demands were served. When plaintiff failed to respond to defendants' discovery demands, the parties entered into a preliminary conference stipulation and order which required plaintiff to respond by March 1, 2003; a compliance conference was scheduled for July 9, 2003. Plaintiff failed to respond to the discovery demands or attend the scheduled compliance conference. Supreme Court issued a conditional order of preclusion. When plaintiff served answers to the discovery demands, defendants contended that they were incomplete. Af-

ter months of inactivity, Supreme Court held a conference at which the inadequacy of plaintiff's responses were discussed and plaintiff agreed to supply defendants with all missing documents by July 14, 2004. Such documents were to include plaintiff's past income tax returns and any underlying records used to support the commission summary produced by plaintiff to support her claim for unpaid commissions. Plaintiff again failed to provide the agreed-upon information by the court-ordered date; her late proffer of the information was rejected.

Defendants moved to strike the complaint pursuant to CPLR 3126 and for summary judgment. Based upon the conditional order of preclusion, Supreme Court found that plaintiff's 1999 and 2000 tax returns, the underlying records used to create her commission summary, and the canceled checks supporting her claim for reimbursement of COBRA health insurance payments were all precluded. Supreme Court also partially granted defendants' motion for summary judgment by dismissing the health insurance and commission claims. Plaintiff appeals.

As the Court of Appeals stated in *Kihl v Pfeffer* (94 NY2d 118 [1999]) on the issue of a party's noncompliance with court orders: "If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity. Indeed, the Legislature, recognizing the need for courts to be able to command compliance with their disclosure directives, has specifically provided that a 'court may make such orders . . . as are just,' including dismissal of an action . . . Finally, we underscore that compliance with a disclosure order requires both a timely response and one that evinces a good-faith effort to address the requests meaningfully" (*id.* at 123, quoting CPLR 3126; *see Greaves v Burlingame*, 12 AD3d 730, 731 [2004], *lv dismissed and denied* 5 NY3d 741 [2005], *lv dismissed* 5 NY3d 742 [2005]). The choice of remedy imposed by a court will not be disturbed on appeal unless there is a clear abuse of discretion (*see Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660 [2004]).

Here, based upon plaintiff's pattern of noncompliance, Supreme Court did not abuse its discretion by issuing the order of preclusion. Plaintiff was provided with numerous opportunities to comply and consistently failed to meet any of the agreed-upon deadlines. Plaintiff also failed to comply with discovery demands, even after Supreme Court issued the conditional order of preclusion (*cf. Matter of SDR Holdings v Town of Fort Edward*, 290 AD2d 696, 697-698 [2002]). The proffered excuses were inadequate (*see Greaves v Burlingame, supra* at 731; *Cavanaugh v Russell Sage Coll., supra* at 661), as was the

contention that her failure to respond was not "willful, deliberate and contumacious"; an overall pattern of noncompliance gives rise to an inference of such conduct (*see Cavanaugh v Russell Sage Coll., supra* at 661; *Martin v Brooks*, 270 AD2d 538, 539 [2000]).

Nor do we find error in the award of summary judgment with respect to plaintiff's claims for commissions and reimbursement of COBRA health insurance payments. Regarding the unpaid commissions, once plaintiff was precluded from introducing the underlying records used to create the commission summary, defendants argued that she would be unable to establish her claim. As plaintiff failed to set forth any admissible proof in opposition to this contention, Supreme Court properly dismissed it (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618 [2002]). For the same reason, summary judgment was properly granted on the claim seeking reimbursement for COBRA health insurance payments. When plaintiff was not permitted to introduce the canceled checks evidencing her payments, defendant argued that the claim could not be properly established since both the obligation to pay and the amount were in dispute. While plaintiff contended, in opposition, that such amounts could be established through her direct testimony, such testimony would violate the best evidence rule (*see Matter of Carrington*, 163 App Div 544, 546 [1914]; *compare Rotanelli v Longo*, 210 AD2d 392, 392 [1994]; *Savago v Payne*, 170 AD2d 850, 852 [1991]) since the absence of the checks was not properly excused (*see Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 644 [1994]).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.