■ A.J. Adamski, Appellant, v Schuyler Hospital, Inc., Respondent. [829 NYS2d 718]—

Cardona, P.J. Appeal from an order of the Supreme Court (O'Shea, J.), entered April 22, 2005 in Schuyler County, which granted defendant's motion to strike the complaint.

Plaintiff, an orthopedic surgeon, commenced this negligence action alleging that he slipped and fell in defendant's parking lot on March 12, 1998, sustaining a serious injury to his right shoulder. Following joinder of issue, defendant served demands

for a bill of particulars and other CPLR article 31 discovery in October 1998. Plaintiff only partially responded to the demands despite repeated requests. In December 1999, plaintiff filed a note of issue and certificate of readiness, which defendant moved to vacate. Defendant also sought an order seeking to, among other things, compel plaintiff to produce the missing discovery, primarily records of plaintiff's earnings and copies of accident scene photographs. In August 2000, Supreme Court issued an order vacating the note of issue and, among other things, directing plaintiff to produce the requested information.

Thereafter, based on allegations that plaintiff failed to fully comply, defendant again moved to compel production of certain items and documents. In July 2002, Supreme Court (Castellino, J.) issued a detailed order requiring plaintiff to produce various specific discovery, some of which had been requested since the inception of the litigation. Plaintiff produced only a fraction of the ordered disclosure. Following further protests from defendant, Supreme Court issued a compliance order in April 2004, directing plaintiff to respond to outstanding discovery demands within 60 days. Nevertheless, once again, the requested information was not provided and defendant moved to strike the complaint. Supreme Court granted that motion, prompting this appeal.

Initially, plaintiff contends that Supreme Court abused its discretion in striking his complaint pursuant to CPLR 3126 (3). Significantly, compliance with a disclosure order requires both a timely response and a good faith effort to address the requests meaningfully (*see Kihl v Pfeffer*, 94 NY2d 118, 123 [1999]). While generally dismissal is inappropriate absent a clear showing of conduct that "is willful, contumacious, or in bad faith" (*Altu v Clark*, 20 AD3d 749, 750 [2005] [internal quotation marks and citations omitted]; *see Fox v Fox*, 9 AD3d 549, 550 [2004]), "an overall pattern of noncompliance" will give rise to an inference that the conduct meets that standard (*Du Valle v Swan Lake Resort Hotel, LLC*, 26 AD3d 616, 618 [2006]; *see Laverne v Incorporated Vil. of Laurel Hollow*, 18 NY2d 635, 638 [1966], *appeal dismissed* 386 US 682 [1967]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 661 [2004]). Thus, it is not an abuse of discretion to dismiss a cause of action when a party's failure to comply with a court order frustrates the disclosure process (*see* CPLR 3126 [3]; *Kihl v Pfeffer, supra* at 122; *Du Valle v Swan Lake Resort Hotel, LLC, supra* at 618).

Here, Supreme Court, in a well-reasoned decision, found that plaintiff failed to produce economic and medical discovery that was repeatedly requested and ordered produced over a period of

four years. Court orders and deadlines cannot be ignored with impunity, otherwise the efficiency and integrity of our justice system cannot be maintained (*see Kihl v Pfeffer, supra* at 123; *see also Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.],* 5 NY3d 514, 521 [2005]). Inasmuch as the record herein confirms the ongoing evasiveness exhibited by plaintiff regarding his disclosure obligations, we find no basis to conclude that Supreme Court erred in striking the complaint as a result of defendant's overall pattern of noncompliance (*see Laverne v Incorporated Vil. of Laurel Hollow, supra* at 638; *Du Valle v Swan Lake Resort Hotel, LLC, supra* at 618; *Cavanaugh v Russell Sage Coll., supra* at 661).

We have examined plaintiff's remaining contentions, including his claim that defendant's CPLR 3126 motion was untimely, and find them to be lacking in merit.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 7 Misc 3d 1017(A), 2005 NY Slip Op 50654(U).]