Terri Mazzuca, Individually and as Parent of Angelina Mazzuca, an Infant, Appellant, v Warren P. Wielt Trust, Individually and Doing Business as Pine Ridge Trailer Court, et al., Respondents. [875 NYS2d 291]—

Kane, J. Appeal from an order of the Supreme Court (Hoye, J.), entered November 27, 2007 in Schenectady County, which granted defendants' motion to strike the complaint.

Plaintiff, individually and on behalf of her infant daughter, commenced this action alleging that her daughter was injured due to dangerous conditions on defendants' premises. When the parties were unable to schedule an independent medical examination (hereinafter IME), Supreme Court ordered that the IME take place by a certain date. After defense counsel confirmed a date for the IME with plaintiff's counsel, and plaintiff's counsel informed plaintiff of that date, plaintiff failed to produce her daughter for the IME.

Defendants moved to strike the complaint for plaintiff's failure to comply with ordered disclosure. Plaintiff's counsel, who was unable to communicate with plaintiff regarding the motion,

cross-moved to relieve plaintiff and have a guardian ad litem appointed to represent her daughter's interests. In the alternative, counsel sought to be relieved and allow 60 days for plaintiff to substitute new counsel, or to reschedule the IME and impose a monetary sanction for the failure to attend the scheduled IME. Supreme Court granted defendants' motion and struck the complaint, implicitly denying plaintiff's request for relief. Plaintiff appeals.

Supreme Court should not have struck the complaint. While a trial court has discretion to dismiss a complaint as a sanction against a plaintiff who fails to comply with a court order and frustrates the disclosure process (*see* CPLR 3126 [3]; *Kihl v Pfeffer*, 94 NY2d 118, 122-123 [1999]), this drastic sanction is generally only justified when the party seeking dismissal demonstrates that the failure to comply with the request and order for disclosure was willful and contumacious (*see Doherty v Schuyler Hills, Inc.*, 55 AD3d 1174, 1176 [2008]). A pattern of noncompliance can give rise to an inference of willfulness (*see id.* at 1176; *Adamski v Schuyler Hosp., Inc.*, 36 AD3d 1198, 1199 [2007]). Here, plaintiff failed to attend one IME (*compare Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 53 AD3d 924, 926 [2008], *lv dismissed* 11 NY3d 827 [2008]; *Du Valle v Swan Lake Resort Hotel, LLC*, 26 AD3d 616, 617 [2006]). The record fails to include any definite reason for her noncompliance, but does include hearsay claims that plaintiff did not receive notice of the IME. Although counsel and his secretary affirm that plaintiff was informed, a factual issue exists as to the reason why plaintiff failed to appear at the IME and whether her conduct was willful. Under all of the circumstances herein, particularly the age of the child, we remit for Supreme Court to enter a conditional dismissal order, imposing conditions that the court deems just.

Appointment of a guardian ad litem may be appropriate here. The statutory preference is for a parent to represent the child (*see* CPLR 1201; *Bluntt v O'Connor*, 291 AD2d 106, 113 [2002], *lv denied* 98 NY2d 605 [2002]). Generally, a custodial parent should be removed as the child's representative in an action only where the parent has an interest adverse to the child (*see Bluntt v O'Connor*, 291 AD2d at 113; *Stahl v Rhee*, 220 AD2d 39, 44 [1996]). While an infant would normally appear by his or her parent, an infant "shall appear by his [or her] guardian ad litem if . . . the court so directs because of a conflict of interest or for other cause" (CPLR 1201). Here, although there is no indication that plaintiff's interests are adverse to her daughter's such that a guardian ad litem should be appointed (*see Matter of*

*Manufacturers Hanover Trust Co.*, 83 AD2d 808, 808 [1981]), the record raises concerns as to whether plaintiff is adequately pursuing the action on her daughter's behalf (*compare Sutherland v City of New York*, 107 AD2d 568, 568-569 [1985], *affd* 66 NY2d 800 [1985]). Supreme Court should hold a hearing to determine the reasons for plaintiff's failure to prosecute this action, and whether there is "other cause" to appoint a guardian ad litem to prosecute this action on the daughter's behalf (*compare Stahl v Rhee*, 220 AD2d at 44-46, *with Bluntt v O'Connor*, 291 AD2d at 113).

Plaintiff's counsel was entitled to be relieved. Counsel adequately explained the difficulty in communicating with plaintiff and her refusal to keep in contact or attend appointments (*see Lake v M.P.C. Trucking*, 279 AD2d 813, 814 [2001]). We therefore grant counsel's application to be relieved and give plaintiff 30 days to substitute new counsel before further proceedings are conducted. The matter of an appropriate counsel fee or charging lien should be determined by Supreme Court (*see Bankers Trust Co. v Hogan*, 187 AD2d 305, 305-306 [1992]).

Cardona, P.J., Rose and Stein, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion; defendants' motion denied, plaintiff's cross motion partially granted by relieving counsel and allowing plaintiff 30 days to substitute new counsel, and matter remitted to the Supreme Court for a conditional order of dismissal and for a hearing to determine whether to appoint a guardian ad litem to represent Angelina Mazzuca's interests; and, as so modified, affirmed.