■ HESSE CONSTRUCTION, LLC, Respondent, v MARGARET FISHER, Appellant. [876 NYS2d 251]—

Peters, J. Appeal from an order and judgment of the Supreme Court (Garry, J.), entered March 24, 2008 in Tompkins County, which, among other things, granted plaintiff's motion for summary judgment.

In August 2005, plaintiff commenced this action seeking payment for construction/renovation work it had performed at defendant's home. Defendant answered, raising as a defense plaintiff's alleged failure to complete outstanding work, improper installation of certain materials and substandard workmanship, and counterclaimed for damages to repair and complete plaintiff's work. After months of noncompliance with plaintiff's February 2006 demands for a bill of particulars and expert witness disclosure, a motion to compel was brought in

October 2006. The parties thereafter stipulated to a conditional order of preclusion, dated December 1, 2006, which provided that defendant would be precluded from offering evidence upon the trial of this action if she did not respond to plaintiff's discovery demands within 30 days from the date of the order. Defendant did not comply with the discovery demands until late January 2007, at which time plaintiff rejected the responses as untimely.

Plaintiff thereafter moved for summary judgment and dismissal of defendant's counterclaim. Supreme Court ordered that defendant was precluded from offering evidence in this action and granted plaintiff's motion. Defendant appeals, and we affirm.

Supreme Court did not abuse its discretion in enforcing the order of preclusion. "[T]he conditional order was self-executing and [defendant]'s failure to produce [requested] items on or before the date certain rendered it absolute" (*Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008] [internal quotation marks and citations omitted]). Defendant's overall pattern of noncompliance, both in response to plaintiff's repeated demands for the requested disclosure and following the issuance of the stipulated conditional order of preclusion, gives rise to an inference that her conduct was willful and contumacious (*see Du Valle v Swan Lake Resort Hotel, LLC*, 26 AD3d 616, 617-618 [2006]; *Robinson Saw Mill Works v Speilman*, 265 AD2d 604, 606 [1999]; *Tleige v Troy Pediatrics*, 237 AD2d 772, 773-774 [1997]). Notably, defendant stipulated to the consequences of her conduct and proffered no adequate excuse for her noncompliance (*see Greaves v Burlingame*, 12 AD3d 730, 731 [2004], *lv dismissed and denied* 5 NY3d 741 [2005], *lv dismissed* 5 NY3d 742 [2005]; *Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660-661 [2004]). Under these circumstances, we cannot conclude that Supreme Court improvidently exercised its discretion in ordering the preclusion of defendant's evidence.

Nor do we find error in Supreme Court's award of summary judgment in favor of plaintiff and dismissal of defendant's counterclaim. Plaintiff made a prima facie showing of entitlement to judgment for the unpaid balance of the work performed by producing, among other things, work estimates signed by the parties, billing statements, and evidence demonstrating that the agreed-upon work was performed and that a portion of the work went unpaid. Defendant, unable to offer any admissible evidence as a consequence of the order of preclusion, failed to raise an issue of fact sufficient to withstand summary judgment (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557,

562 [1980]). Similarly, in the absence of any competent proof to support her counterclaim, it was also properly dismissed by Supreme Court.

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order and judgment is affirmed, with costs.