■ RAYMOND CUTWAY, Individually and as Parent and Guardian of KYLE G. CUTWAY, an Infant, Respondent, v S.T.A.R. PROGRAMS, INC., et al., Appellants. (Action No. 1.) JOSEPH SECORE, Individually and as Parent and Guardian of TREVOR SECORE, an Infant, Respondent, v S.T.A.R. PROGRAMS, INC., et al, Appellants, et al., Defendant. (Action No. 2.) [904 NYS2d 806]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered March 26, 2009 in St. Lawrence County, which, in action No. 1, among other things, partially denied defendants' motion to stay the action between the parties, (2) from an order of said court, entered March 26, 2009 in St. Lawrence County, which, in action No. 2, among other things, partially denied defendants' motion to stay the action between the parties, and (3) from an order of said court, entered April

22, 2009 in St. Lawrence County which, in action Nos. 1 and 2, denied defendants' motions for reargument and/or reconsideration.

Plaintiffs commenced these actions, individually and on behalf of their children, against defendant S.T.A.R. Programs, Inc. and some of its employees contending that their children sustained injuries while participants in defendants' boot camp for troubled youths. Defendants moved pursuant to CPLR 7503 (a) to stay each of the actions and compel arbitration based upon agreements that plaintiffs had executed—prior to their children's participation in the program—that provided that any claims would be submitted to arbitration. Supreme Court granted defendants' motions with respect to plaintiffs' individual claims. However, relying upon CPLR 1209, the court denied the motions as to the claims asserted on behalf of the children. Defendants' request for reconsideration regarding the children's claims was denied. Defendants appeal.

Defendants argue that Supreme Court erred in not staying the actions commenced by plaintiffs on behalf of their children. The Court of Appeals has "repeatedly recognized New York's 'long and strong public policy favoring arbitration' " (*Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007], quoting *Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49 [1997]). Moreover, the weight of authority from other jurisdictions recognizes the enforceability of an arbitration provision when a parent executes an agreement that benefits the parent's minor child and the agreement contains an arbitration provision regarding the child's potential future tort claims (*see Hojnowski v Vans Skate Park*, 187 NJ 323, 343-346, 901 A2d 381, 392-394 [2006]; *Global Travel Mktg., Inc. v Shea*, 908 So 2d 392, 398-405 [Fla 2005]; *but cf. Fleetwood Enters., Inc. v Gaskamp*, 280 F3d 1069, 1074-1076 [5th Cir 2002]; *Lewis v CEDU Educ. Servs., Inc.*, 135 Idaho 139, 142-144, 15 P3d 1147, 1150-1152 [2000]). Indeed, Supreme Court determined that the agreements here were valid and binding as to the children. However, the court found that it was prohibited by CPLR 1209 from compelling arbitration of the children's claims since plaintiffs—the children's parents—had not yet sought permission to submit the claims to arbitration; and, significantly, the court thus declined to stay the children's separate plenary actions.

CPLR 1209 provides in relevant part that "[a] controversy involving an infant . . . shall not be submitted to arbitration except pursuant to a court order made upon application of the representative of such infant." This statute, like other provi-

sions of CPLR article 12, is primarily designed to ensure that courts "safeguard the rights and interests of infants," whom courts "are bound to protect" (*Valdimer v Mount Vernon Hebrew Camps*, 9 NY2d 21, 24 [1961]). Under the circumstances of these cases, CPLR 1209 should not be construed as essentially permitting plaintiffs to circumvent the arbitration provisions (signed as part of agreements to benefit their children) by their current refusal to apply to the court to permit resolution of their children's disputes in the forum where they had agreed to have those claims resolved. If there is a valid reason for not proceeding with arbitration that plaintiffs neglected to bring to the court's attention when defendants moved to compel arbitration, they can raise that issue in their CPLR 1209 application. In the event that plaintiffs continue to refuse to make a CPLR 1209 application, it does not mean that the children's claims must necessarily languish. We have recently held that, where there is an issue regarding whether a parent is adequately pursuing his or her child's action, "Supreme Court should hold a hearing to determine the reasons for [the parent's] failure to prosecute [the] action, and whether there is 'other cause' to appoint a guardian ad litem to prosecute [the] action on the [child's] behalf" (*Mazzuca v Warren P. Wielt Trust*, 59 AD3d 907, 909 [2009]). Although *Mazzuca* involved a plenary action, the same reasoning should apply to these cases.*

Finally, we note that the appeal from the April 22, 2009 order must be dismissed because defendants' motion was in the nature of reargument, and no appeal lies from the denial thereof (*see Nekos v Kraus*, 62 AD3d 1144, 1145 n 1 [2009]).

Peters, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the orders entered March 26, 2009 are modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to stay both actions in their entirety; actions stayed; and, as so modified, affirmed. Ordered that the appeal from the order entered April 22, 2009 is dismissed, without costs.

---

* While the record is not clear, it appears that at least one of the children is nearing the age of majority and, if so, he will be able to proceed on his own.