■ ERIC ELMORE, JR., et al., Appellants, v 2720 CONCOURSE AS-SOCIATES, L.P., et al., Respondents. [914 NYS2d 139]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered May 28, 2010, which granted infant plaintiff's motion to appoint a guardian ad litem to the extent of determining that one shall be appointed if infant plaintiff is not produced for

specified scheduled medical examinations and an examination before trial, and granted infant plaintiff's motion for a stay preventing his mother from retaining a new attorney to the extent of requiring the mother to make an application to the court prior to retaining a new attorney, unanimously modified, on the facts, to the extent of providing for the immediate appointment of a guardian ad litem for infant plaintiff, and otherwise affirmed, without costs. Order, same court and Justice, entered May 28, 2010, granting defendants' motion to compel to the extent that if infant plaintiff does not appear at specified scheduled medical examinations and supplemental deposition, plaintiffs will be precluded from offering any evidence on the issue of damages, unanimously modified, on the facts, to delete that portion of the order imposing the sanction of preclusion for failure to comply, and otherwise affirmed, without costs.

"The statutory preference is for a parent to represent the child" (*Mazzuca v Warren P. Wielt Trust*, 59 AD3d 907, 908 [2009]; *see* CPLR 1201; *Sutherland v City of New York*, 107 AD2d 568 [1985], *affd* 66 NY2d 800 [1985]). However, CPLR 1201 confers broad authority upon the court to substitute a guardian ad litem for a parent representative when the court believes it necessary to protect the infant's interests (*see Mazzuca* at 908-909).

In this case, infant plaintiff's mother repeatedly failed to comply with discovery orders and to produce the infant for examinations and depositions. This was conduct that was clearly detrimental to infant plaintiff's interests. She also repeatedly hired and fired counsel, and prevented the case from progressing. This conduct risked the imposition of substantial sanctions, as demonstrated by the conditional preclusion order entered by the court, and even potential dismissal of the action. Under the circumstances presented, the court should have immediately appointed a guardian ad litem.

In the context of the mother's actions, it was an improvident exercise of discretion to conditionally impose the severe sanction of precluding plaintiffs from offering evidence on damages in the event that infant plaintiff was not produced for the scheduled medical examinations and supplemental deposition. In view of the court's recognition that the mother had not proceeded in her son's interests, the child should not be penalized for conduct not within his control (*see generally Mazzuca*, 59 AD3d at 908). Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.