M.V. v New York City Hous. Auth. (2026 NY Slip Op 01311)

M.V. v New York City Hous. Auth.

2026 NY Slip Op 01311

Decided on March 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 10, 2026

Before: Webber, J.P., Scarpulla, González, Rodriguez, Higgitt, JJ. 

Index No. 806980/22|Appeal No. 6046|Case No. 2025-03533|

[*1]M.V., etc., et al., Plaintiffs-Respondents, Richard Vasquez etc., Plaintiff-Appellant,
vThe New York City Housing Authority, Defendant-Respondent, The New York City Department of Health and Mental Hygiene, et al., Defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for M.V. and Josalyn Pink, respondents.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about March 18, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of plaintiff-appellant Richard Vasquez to amend the complaint to name him as the infant plaintiff's natural guardian and granted the infant plaintiff's motion to order the appointment of a guardian ad litem, unanimously affirmed, without costs.
CPLR 1201 gives the court "broad authority . . . to substitute a guardian ad litem for a parent representative when the court believes it necessary to protect the infant's interests" (Elmore v 2720 Concourse Assoc., L.P., 80 AD3d 422, 423 [1st Dept 2011]; see also Matter of Betz, 74 AD3d 1459, 1460 [3d Dept 2010] ["A court is permitted to appoint a guardian ad litem to appear for an infant, even where the infant has another representative, where possible adversity or a conflict of interest exists, or for other cause"]). Here, the motion court highlighted evidence of the father's alleged domestic abuse, including an order of protection issued against the father and in favor of the decedent mother and the infant plaintiff, and the father's "go fund me" campaign, purportedly for the child, and found that this evidence raised sufficient concerns about the father's fitness to serve as guardian ad litem. Given the record evidence and its possible impact on the protection of the child's interests, the court providently exercised its broad discretion in finding cause for the appointment of a guardian ad litem. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2026