OPINION OF THE COURT
Arthur E. Blyn, J.
The ever changing law requires constant reading and vigilance on the part of Bar and Bench. Some changes are accompanied by much publicity, others come in quietly on little cat’s feet.
The within motion for leave to withdraw as attorney, without the consent of the client, deals with a recent amendment to CPLR 321 which appears to have come in on little cat’s feet.
The motion and a number of others seeking similar relief reveal that many members of the Bar are not familiar with this amendment.
The Legislature, in 1980, amended CPLR 321 (subd [b]) with such amendment effective as of January 1, 1981 (L 1980, ch 119).
In addition to changes in what originally was subdivision (b) it added a new paragraph designated as “2” which reads: “An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct.” (CPLR 321, subd [b], par 2.)
*671 Dean McLaughlin in his Supplementary Practice Commentary (McKinney’s Cons Laws of NY, Book 7B, CPLR, C231:l, 1980-1981 Pocket Part, p 158) states:
“CPLR 321(b) creates two procedures to substitute the attorney of record in a lawsuit. If the incoming and outgoing attorneys are of one mind with the client, the change may be effected by stipulation. If there is acrimony, however, the change will usually have to be made by court order. Until this year, CPLR 321 was silent on the mechanics of obtaining that order, and the practice varied around the state.
“Chapter 119 of the laws of 1980 settles the question of who must be notified by requiring notice to all parties, subject to the court’s power to order otherwise” (emphasis added).
A reading of Dean McLaughlin’s commentary left some doubt as to how such motion must be brought on.
The 1980 Judicial Conference Report on the CPLR recommending the adoption of the amendment adding paragraph “2” stated:

“Comment

“The present subdivision (b) of CPLR 321 provides for a change of attorney by the filing of an appropriate consent, and, when consent is lacking, by court order. Some courts have not permitted a mere motion to be used to obtain the order, but have required that a formal special proceeding be brought under Article 4 of the CPLR. In either instance the question of whom to notify of the motion or special proceeding is not addressed.
“The Committee proposes to divide the present subdivision (b) into two paragraphs. The first, paragraph 1, would cover the change of attorney by consent and would make mere linguistic adjustments to set the provision up as a separate paragraph.
“The gist of the Committee’s proposal is in the addition of paragraph 2. This one addresses the change of attorney requiring court permission because consent has not been forthcoming. The provision sets forth that the procedure for the change shall be a mere motion thus clarifying that a *672 special proceeding need not be brought for this purpose. And rather than attempt to set forth whom to notify, the amendment leaves it to the court to determine. It does this by requiring the motion to be ‘on such notice to such persons as the court may direct’, i.e., it contemplates the procedure of an order to show cause. This will enable the court to determine, on a case by case basis, who shall be notified, and how. There may be many parties, and the action may have been quiescent for a time. Leaving it to the court to determine whom to notify, and by what method, permits the factors applicable to the individual case to be weighed. One obvious person to notify is of course the client, and it is contemplated that the client will be among those notified. The method of notification, however, in respect of the client as well as all others who are to receive notice, is left to the court. The person making the motion would always do well to advise the court, in affidavits accompanying the application for the order to show cause, of all factors pertaining to the giving of notice” (McKinney’s Session Laws of NY, 1980, pp 1931-1932; emphasis added).
Although there were no opposing papers the court denies the motion without prejudice to bringing on a new motion by order to show cause before the Justice then presiding in Special Term, Part I.