■ BANKERS TRUST COMPANY, Respondent, v MILLICENT L. C. HOGAN et al., Respondents, et al., Counterclaim Defendants. JAFFE AND ASHER, Nonparty Appellant.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered January 31, 1992, which denied appellant Jaffe and Asher's motion for leave to withdraw as attorneys of record for defendant Benjamin Cusumano, is unanimously reversed, on the law and facts, and in the exercise of discretion, and the motion granted, solely to the extent of granting appellant's motion to be relieved as counsel for said defendant, the appellant's retaining lien is denied, and the issue of an appropriate fee due, if any, is remanded to the Supreme Court for determination at a hearing, without costs or disbursements.

We find that the record contains sufficient evidence to conclude that defendant Cusumano rendered it unreasonably difficult for appellant to carry out its employment effectively (see, Code of Professional Responsibility DR 2-110 [C] [1] [a], [d] [22 NYCRR 1200.15 (c) (1) (i), (iv)]) by continually questioning Jaffe and Asher's work and blaming it for adverse decisions, making verbal threats against the firm, insisting that Jaffe and Asher pursue legal theories and arguments at trial directly contrary to law and counsel's professional judgment, and in short, exhibiting a total lack of trust and confidence in appellant.

While appellant's collection of $50,000 in legal fees in a two year period may appear excessive, it was improper for the IAS Court to require Jaffe and Asher to justify its fee at the hearing on its motion to withdraw, since the motivating factor for such motion was not only alleged nonpayment of the remainder of its claimed fees, but the substantial grounds listed above. The appellant's retaining lien, however, is denied, and the matter of an appropriate fee due, if any, is

remanded to the Supreme Court for a hearing in accordance with its procedures, at which hearing the reasonableness of such fees can be explored. Concur—Carro, J. P., Milonas, Rosenberger and Asch, JJ.