■ SUSAN J. ASHKER, Appellant, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant. GRIFFEN, ZUBE & CHARIFF, as Successor to GRIFFEN & SMITH, Respondent. [607 NYS2d 488] —Mercure, J. Appeal from an order of the Supreme Court (Rose, J.), entered April 21, 1992 in Broome County, which granted the motion of Griffen, Zube & Chariff to withdraw as counsel for plaintiff.

In our view, Supreme Court did not abuse its discretion in permitting plaintiff's counsel to withdraw from employment and in fixing the firm's compensation at $8,000, including disbursements. It is undisputed that the relationship between plaintiff and her attorney had deteriorated to the point where further representation was inappropriate (see, Bankers Trust Co. v Hogan, 187 AD2d 305). Plaintiff challenges only the award of compensation. In Supreme Court, plaintiff contested no part of the counsel's detailed contemporaneous time rec-

ords showing that 190.2 hours of legal services had been performed on plaintiff's behalf or claim that the reasonable value of the services was $110 per hour (although plaintiff did contend that she was quoted an hourly rate of $100). Instead, plaintiff opposed the motion with a rambling attack on the attorney's ethical standards and a litany of vague criticisms of the attorney's conduct and the manner in which the action was being prosecuted. Rather than supporting a finding of misconduct, plaintiff's papers graphically illustrated the extent to which her threats, accusations and refusal to accept her counsel's advice had rendered it unreasonably difficult to effectively carry out the legal employment (see, Code of Professional Responsibility DR 2-110 [C] [1] [a], [d] [22 NYCRR 1200.15 (c) (1) (i), (iv)]; *Bankers Trust Co. v Hogan, supra*). The current contentions that Supreme Court provided plaintiff with insufficient time to obtain counsel to defend the motion and that certain of the movant's time records are inaccurate were not raised in Supreme Court and thus have not been preserved for our consideration.

Cardona, P. J., White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.