■ MARTHA WONG, Plaintiff, v JULIO C. WONG et al., Respondents, and BERNARD T. CALLAN, Appellant. [622 NYS2d 985] —In an action to recover damages, inter alia, for fraud, the plaintiff's counsel appeals from an order of the Supreme Court, Queens County (Milano, J.), dated September 20, 1994, which denied his application to be relieved as counsel.

Ordered that the order is reversed, on the law, and the application is granted; and it is further,

Ordered that the plaintiff's attorney is directed to serve his client with a copy of this decision and order, with notice of entry, by mailing a copy to her last known address and to her parents' address by certified mail, return receipt requested, within 30 days of the date of this decision and order, which shall constitute notice to appoint another attorney pursuant to CPLR 321 (c); and it is further,

Ordered that no further proceedings shall be taken against the plaintiff until the expiration of 30 days after service upon her, as specified herein, of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appellant is awarded one bill of costs.

CPLR 321 (b) (2), which prescribes the procedure by which an attorney of record may withdraw his representation of a client, provides that the attorney's application for such relief must be made "on such notice to the client of the withdrawing attorney * * * as the court may direct". In promulgating the subject statute, the Legislature declined to specifically delineate the manner in which service of the required notice was to be effected. Instead, the Legislature determined that the manner of service was best left to the court, whose discretion was to be exercised on a case-by-case basis (see, *Universal El. Co. v Jordan El. Co.,* 110 Misc 2d 670; see also, 1980 McKinney's Session Laws of NY, at 1931-1932).

In this case, the plaintiff's counsel sought to withdraw his representation because he had not been in communication with the plaintiff for approximately four years and all of his substantial efforts to locate her had been wholly unavailing. The order to show cause and accompanying affirmation by which the attorney made his application specified that the plaintiff was to be served with the requisite notice by certified mail, return receipt requested. Specifically, a copy of the papers submitted by the attorney were to be sent to the plaintiff's last-known address, as well as to her parent's residence. In addition, the attorney's affirmation recounted the substantial efforts which he had expended in attempting to locate the plaintiff. In this manner, the attorney advised the court to which the order to show cause was presented of all the factors pertaining to the giving of the required notice (see, 1980 McKinney's Session Laws of NY, at 1931-1932). Therefore, under the facts of this case, we conclude that the Judge who signed the order to show cause acted well within the broad discretion vested in him by the Legislature in permitting the attorney to proceed via service by certified mail, return receipt requested. Accordingly, the court which adjudicated the merits of the attorney's application erred in denying the requested relief on the ground that it was not satisfied that the plaintiff actually received notice of counsel's application.

The defendants' contention that they will suffer prejudice by the attorney's withdrawal is without merit because their legal rights will not be affected. Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.