◼ LYNDA VALENTE, Respondent, v SAUL SEIDEN, Appellant. PETER J. SCAGNELLI, Respondent. [666 NYS2d 517] —White, J. Appeal from an order of the Supreme Court (Canfield, J.), entered January 8, 1996 in Rensselaer County, which granted Peter J. Scagnelli's application for leave to withdraw as counsel for defendant.

Attorney Peter J. Scagnelli was retained by defendant to represent him in this action alleging false arrest, malicious prosecution and defamation. During the course of this representation, Scagnelli realized that confidences which had been revealed to him by defendant's son, whom he was representing in an unrelated matter, created a potential or actual conflict of interest in his representation of both individuals. Although defendant's son agreed to allow Scagnelli to withdraw as attorney of record in his case, defendant ignored Scagnelli's repeated requests for his consent to withdraw in the instant action. Defendant's unwillingness to communicate with Scagnelli prompted him to move for permission to withdraw as attorney of record, which motion was granted by Supreme Court. Defendant now appeals and we affirm.

Defendant is ostensibly appealing from the decision granting Scagnelli's motion for leave to withdraw as defendant's counsel; however, his argument on appeal focuses entirely upon Supreme Court's refusal to grant his *pro se* ex parte letter request for recusal of the Justice presiding. Even though the question of recusal is not properly before us, we find nothing in this record to suggest that a statutory basis for disqualification exists (*see*, Judiciary Law § 14) or that Supreme Court abused its discretion in deciding that recusal was not warranted (*see*, *People v Moreno*, 70 NY2d 403, 405-406).

We also do not find that Supreme Court improvidently exercised its discretion in granting Scagnelli's application to withdraw as counsel for defendant. The submissions clearly reveal that the relationship between Scagnelli and defendant had deteriorated to such an extent that it would be unreasonably difficult, if not impossible, for Scagnelli to carry out his employment effectively (*see*, *Ashker v International Bus. Machs. Corp.*, 201 AD2d 765; *see also*, Code of Professional Responsibility DR 2-110 [C] [1] [d] [22 NYCRR 1200.15 (c) (1) (iv)]).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.