■ ELIZABETH KRAUS, Respondent, v SÉSTILLO BOTTI, Also Known as STEVE BOTTI, Defendant. DAVIS & DAVIS, P. C., Appellant. [699 NYS2d 189] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Connor, J.), entered March 31, 1999 in Greene County, which denied a motion by Davis & Davis, P. C. for reconsideration of a prior order denying its motion to be relieved as counsel for plaintiff.

Approximately one year after plaintiff retained the law firm of Davis & Davis, P. C. to represent her in this intentional tort action, Davis filed an application to withdraw as counsel alleging that plaintiff failed to pay legal fees and engaged in behavior which impeded proper representation of her interests. Supreme Court found that Davis failed to demonstrate good cause to withdraw from the case and denied the motion. Davis subsequently moved for "reargument and/or renewal", attesting that plaintiff had discharged the law firm after the original motion was filed. Supreme Court nevertheless denied the motion, prompting Davis to appeal.

We reject plaintiff's contention that Davis' appeal should be dismissed for purported procedural irregularities. And we find that Davis' allegation that it was discharged by plaintiff following the filing of the original motion constituted newly discovered evidence which was unavailable when the original motion was made. Therefore, the motion is properly characterized as one for renewal, the denial of which is appealable (*see, Matter of Wiggins*, 218 AD2d 904). As to the merits, it is apparent from the uncontroverted evidence submitted by Davis that plaintiff terminated its services, and further that plaintiff's relationship with Davis had deteriorated to such an extent that continued representation would be inappropriate (*see, Valente v Seiden*, 244 AD2d 799, *lv denied* 91 NY2d 809; *Ashker v International Bus. Mach. Corp.*, 201 AD2d 765; *see also*, Code of Professional Responsibility DR 2-110 [22 NYCRR 1200.15 (c) (1) (iv)]). Significantly, and contrary to plaintiff's protestations at oral argument, the record is devoid of any indication that plaintiff opposed the relief requested by Davis (*see, Zhan v Sun Wing Wo Realty Corp.*, 208 AD2d 668). Accordingly, we find Supreme Court's denial of Davis' motion to be an improvident exercise of discretion (*see, Wilcox v Kraus*, 267 AD2d 563 [decided herewith]; *Matter of Wiggins, supra*).

Mikoll, J. P., Mercure, Peters and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion for renewal granted and, upon renewal, motion to withdraw as counsel granted.