■ CHARLES LAKE et al., Respondents, v M.P.C. TRUCKING, INC., et al., Defendants. LEWIS & STANZIONE, Appellant. [718 NYS2d 903] —Peters, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered April 30, 2000 in Greene County, which denied the motion of Lewis & Stanzione for reconsideration of a prior order denying its motion to withdraw as counsel for plaintiffs.

Plaintiffs commenced this action to recover damages for injuries allegedly sustained when plaintiff Charles Lake was exposed to what he claims was a hazardous substance in the course of his employment. The action was apparently delayed while Lake pursued a workers' compensation claim against his employer in Pennsylvania. As a result of the final decision on that claim, Ralph Lewis, the attorney who represents plaintiffs in this action, concluded that the amount of the damages that plaintiffs could recover was very limited. Plaintiffs thereafter expressed their dissatisfaction with Lewis' representation and sought new counsel. Plaintiffs were unsuccessful and, therefore, when a motion was filed by one of the defendants, plaintiffs requested that Lewis continue representing them, despite their continued dissatisfaction with him. Lewis' law firm then moved

to be relieved as counsel and Supreme Court denied the motion. More than a year later, the law firm moved for reconsideration and the court denied that motion as well, prompting this appeal by the law firm.

Inasmuch as the motion to reconsider was based on events which occurred after the original motion was filed, the subsequent motion was one to renew and, therefore, its denial is appealable (*see*, *Kraus v Botti*, 267 AD2d 564). Supreme Court viewed the renewal motion as based on Lewis' dissatisfaction with the amount of the fee obtainable upon a successful prosecution of the action. The record, however, demonstrates that plaintiffs filed a complaint and subsequent letter with the Committee on Professional Standards which questioned not only Lewis' competence and veracity but also his loyalty to plaintiffs. In addition, plaintiffs have rejected two modest settlement offers and insist that the action proceed to trial despite Lewis' advice that the cost of bringing in experts will greatly exceed any possible recovery. Shortly before the renewal motion, plaintiffs wrote Lewis a letter in which they stated that he could not be trusted. In response to the renewal motion, plaintiffs submitted correspondence which maintained their attack on Lewis but sought his continued representation because of their inability to find any other attorney willing to take the case.

It is the general rule that an attorney may terminate the attorney-client relationship "at any time for a good and sufficient cause and upon reasonable notice" (*Matter of Dunn*, 205 NY 398, 403; *see*, Code of Professional Responsibility DR 2-110 [22 NYCRR 1200.15]). Good and sufficient cause has been found to exist when there are "irreconcilable differences between the attorney and the client with respect to the proper course to be pursued in [the] litigation" (*Winters v Rise Steel Erection Corp.*, 231 AD2d 626) and when the client "flatly challenged [counsel's] loyalty and professional integrity" (*Hunkins v Lake Placid Vacation Corp.*, 120 AD2d 199, 201). Similarly, the record in this case demonstrates that "the relationship between plaintiff[s] and [their] attorney ha[s] deteriorated to the point where further representation [is] inappropriate" (*Ashker v International Bus. Machs. Corp.*, 201 AD2d 765; *see*, *Valente v Seiden*, 244 AD2d 799, *lv denied* 91 NY2d 809).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, motion for renewal granted and, upon renewal, motion to withdraw as counsel granted.