■ PAULINE RIVARDENERIA, Plaintiff, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and SHAHAB ATAEE, Respondent. WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, Nonparty Appellant. [760 NYS2d 877] —In an action to recover damages for assault and battery, the nonparty, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,

appeals (1) from so much of an order of the Supreme Court, Queens County (Flug, J.), dated April 26, 2002, as denied its motion to be relieved as counsel for the defendant Shahab Ataee, and (2), as limited by its brief, from so much of an order of the same court dated December 4, 2002, as, upon renewal and reargument, adhered to the prior determination.

Ordered that the appeal from the order dated April 26, 2002, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 4, 2002, made upon reargument and renewal; and it is further,

Ordered that the order dated December 4, 2002, is reversed insofar as appealed from, without costs or disbursements, upon reargument and renewal, the motion is granted, and so much of the order dated April 26, 2002, as denied the motion is vacated.

As a general rule, an attorney may terminate the attorney-client relationship at any time for a good and sufficient cause and upon reasonable notice (*see Matter of Dunn,* 205 NY 398, 403 [1912]; *Lake v M.P.C. Trucking,* 279 AD2d 813 [2001]). While the decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court (*see Tartaglione v Tiffany,* 280 AD2d 543 [2001]; *Cashdan v Cashdan,* 243 AD2d 598 [1997]), given the potential conflict of interest in the appellant's continued representation of the defendant Shahab Ataee, the Supreme Court improvidently exercised its discretion in denying the appellant's motion to be relieved as counsel (*see* Code of Professional Responsibility DR 2-110 [b] [2] [22 NYCRR 1200.15 (b) (2)]; DR 5-105 [b] [22 NYCRR 1200.24 (b)]). Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.