■ DAVID BOK, Plaintiff, v WILLIAM WERNER, Defendant, and CROCCO & DEMAIO, P.C., Respondent. LAW OFFICES OF REGINA L. DARBY, Nonparty Appellant. [780 NYS2d 332]—

Order, Supreme Court, New York County (Harold Beeler, J.), entered January 5, 2004, which denied the motion of nonparty Law Offices of Regina L. Darby to withdraw as counsel for plaintiff, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.

Nonparty appellant counsel established that the client's conduct, namely plaintiff Bok's failure to respond to any communication from counsel, made it unreasonably difficult for appellant to represent him effectively (see Code of Professional Responsibility DR 2-110 [c] [1] [iv] [22 NYCRR 1200.15 (c) (1) (iv)]; Tartaglione v Tiffany, 280 AD2d 543 [2001]; Bankers Trust Co. v Hogan, 187 AD2d 305 [1992]). Therefore, the denial of permission to withdraw amounted to improvident exercise of discretion (cf. Cashdan v Cashdan, 243 AD2d 598 [1997]), particularly since Bok did not oppose the motion (see Eldridge Realty Corp. v Green, 174 AD2d 564 [1991]; see also Kraus v Botti, 267 AD2d 564 [1999]).

Defendants' claims of prejudice are unpersuasive. Their legal rights are not appreciably affected by appellant's withdrawal (see Wong v Wong, 213 AD2d 399, 400 [1995]). Although the case has been pending since 1998, discovery has not been completed, and the attendant delay in giving plaintiff time to secure new counsel may be minimized by the court's setting and monitoring a firm schedule for all remaining pretrial proceedings.

We note that appellant is entitled to recover for services rendered on the basis of quantum meruit and to impose a retaining lien on the file or a charging lien on the proceeds of the judgment (see Kahn v Kahn, 186 AD2d 719 [1992]; see also Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York, 302 AD2d 183, 187 [2002]). Concur—Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.