Matter of Raff & Becker LLP v Kaiser Saurborn & Mair, P.C. (2018 NY Slip Op 02439)





Matter of Raff & Becker LLP v Kaiser Saurborn & Mair, P.C.


2018 NY Slip Op 02439


Decided on April 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2018

Renwick, J.P., Mazzarelli, Kahn, Gesmer, Kern, JJ.


6253N 157209/16

[*1] In re Raff & Becker LLP, Petitioner-Appellant,
v
Kaiser Saurborn & Mair, P.C., Respondent-Respondent.


Raff & Becker LLP, New York (Jacob Korder of counsel), for appellant.
Kaiser Saurborn & Mair, P.C., New York (Daniel J. Kaiser of counsel), for respondent.



Order, Supreme Court, New York County (Erika M. Edwards, J.), entered April 25, 2017, which denied the petition to enforce a charging lien, with prejudice, unanimously reversed, on the law, without costs and the petition granted to the extent that the matter is remanded for a hearing and determination of the reasonableness of petitioner's claim for unpaid fees for legal services rendered.
The record demonstrates that petitioner had good cause to seek to withdraw from representation of Ms. Wylomanska (see Bok v Werner, 9 AD3d 318 [1st Dept 2004]; Bankers Trust Co. v Hogan, 187 AD2d 305 [1st Dept 1992]; Kiernan v Kiernan, 233 AD2d 867 [4th Dept 1996]). The irreconcilable differences between client and counsel as to litigation strategies and choices to be made, as well as Ms. Wylomanska's placing of restrictions on petitioner's communications with her and her expressed lack of trust and confidence that petitioner would represent her interests competently, establish a deterioration of the attorney/client relationship that significantly undermined petitioner's ability to represent Ms. Wylomanska effectively. Petitioner is therefore entitled to recover for services rendered on the basis of quantum meruit (Bok v Werner, 9 AD3d 318), to be determined at a hearing (see Sharbat v Law Offs. of Michael B. Wolk, P.C., 121 AD3d 426 [1st Dept 2014]; Bankers Trust Co. v Hogan, 187 AD2d at 305).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 10, 2018
CLERK