| **Stuart v Star Jets Intl., Inc.** |
|:---:|
| 2024 NY Slip Op 31868(U) |
| May 22, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656737/2019 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA          PART          42M

*Justice*

------------------------------------------------------------------X

BRETT STUART,

Plaintiff,

- v -

STAR JETS INTERNATIONAL, INC.,RICKY SITOMER,

Defendant.

------------------------------------------------------------------X

STAR JETS INTERNATIONAL, INC., RICKY SITOMER

Plaintiff,

-against-

APOLLO JETS, LLC, FLY PRIVATE ENTERPRISES, INC.,
TODD ROME

Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656737/2019 |
| MOTION DATE | 04/19/2024 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595123/2021

The following e-filed documents, listed by NYSCEF document number (Motion 009) 196, 197, 198 were read on this motion to/for           SUBST/RELIEVE/WITHDRAW COUNSEL          .

APPEARANCES:

Jaffe and Asher LLP, New York, New York (Glenn P. Berger, Esq., of counsel) for defendants.

HON. EMILY MORALES-MINERVA:

In this matter, movant seeks to withdraw as counsel for defendants due to defendants' failure to communicate and cooperate with movants, and to pay movants' legal fees. The following papers were read on this motion by Jaffe and Asher LLP for an order pursuant to CPLR 321(b)(2) granting it leave to

656737/2019  STUART, BRETT vs. STAR JETS INTERNATIONAL, INC.
Motion No. 009

Page 1 of 4

[* 1]

withdraw attorneys of record (Gregory E. Galterio, Esq., and Glenn P. Berger, Esq.,), and staying all proceedings in this action for 30 days:

1) Notice of Motion to Withdraw as Counsel (see NY St Cts Elec Filing [NYSCEF] Doc No. 196).

2) Affidavit of Gregory E. Galterio Esq. (see NY St Cts Elec Filing [NYSCEF] Doc No. 197).

3) Affidavit of Service. (see NY St Cts Elec Filing [NYSCEF] Doc No. 198).

There has been no opposition to the motion.

An attorney may only withdraw as counsel upon a showing of good and sufficient cause and reasonable notice (CPLR 321[b][2]; see Bok v Werner, 9 AD3d 318 [1st Dept 2004]). The question of whether such cause exists is a matter addressed to the Court's discretion (see Rivardeneria v New York City Health and Hosps. Corp., 306 AD2d 394 [2d Dept 2003]). An attorney may withdraw from representing a client if the client renders the representation unreasonably difficult for the lawyer to carry out employment effectively (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.16 [c][7]; see also Raff & Becker LLP v Kaiser Saurborn & Mair, P.C., 160 AD3d 479 [1st Dept 2018]. Further, an attorney may be permitted to withdraw from representation where a client refuses to pay reasonable legal fees (see Rules of Professional Conduct [22 NYCRR 1200.0] rule

**656737/2019  STUART, BRETT vs. STAR JETS INTERNATIONAL, INC.**
**Motion No.  009**

Page 2 of 4

1.16 [c][5]; see Holmes v Y.J.A. Realty Corp., 128 AD2d 482 [1st Dept 1987]). Finally, the failure to object to the movant's motion for withdrawal has been noted as a factor justifying approval of a motion to withdraw (see Alvarado-Vargas v 6422 Holding Corp., 85 AD3d 829 [2d Dept 2011]).

In the present case, movant has made a sufficient showing of good cause for withdrawal based upon defendants' failure to communicate and cooperate with movants, and failure to pay movants' legal fees. Accordingly, movants are entitled to leave to withdraw from representing defendants. Moreover, the action is stayed for 30 days from entry of this decision and order pursuant to CPLR 321(c), which provides for an automatic stay of a matter where counsel is removed.

Accordingly, it is

ORDERED that the motion is granted and the Jaffe and Asher LLP is relieved as counsel for defendants; and it is further

ORDERED that the movant shall serve a copy of this order with notice of entry upon defendants and all parties within 10 days of entry; and it is further

ORDERED that this action is hereby stayed for a period of 30 days from the date of entry of this order to allow defendants an opportunity to retain new counsel or elect to represent themselves and proceed pro se. Defendants are directed to notify the court and all counsel in writing within the 30-day period as

to new counsel's name and address or their election to proceed

pro se.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT

| 5/22/2024 | | | | *Emily Morales-Minerva* | |
|-----------|---|---|---|---|---|
| **DATE** | | | | **EMILY MORALES-MINERVA, J.S.C.** | |

| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**656737/2019  STUART, BRETT vs. STAR JETS INTERNATIONAL, INC.**
**Motion No.  009**

**Page 4 of 4**

4 of 4