| |
|---|
| **Paulino v Metropolitan Tr. Auth.** |
| 2024 NY Slip Op 31846(U) |
| May 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151047/2023 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. RICHARD TSAI                     PART                 21

*Justice*

-----------------------------------------------------------------------------X

JULIO CESAR PAULINO,

                           Plaintiff,

                     - v -

METROPOLITAN TRANSIT AUTHORITY and NEW YORK
CITY TRANSIT AUTHORITY,

                         Defendants.

-----------------------------------------------------------------------------X

METROPOLITAN TRANSIT AUTHORITY and NEW YORK
CITY TRANSIT AUTHORITY,

                    Third-Party Plaintiffs,

                  -against-

UNITED STEEL PRODUCTS, INC.,

                    Third-Party Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151047/2023 |
| MOTION DATE | 05/13/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595519/2023

The following e-filed documents, listed by NYSCEF document number (Motion 001) 45-62
were read on this motion to/for            ATTORNEY - RELIEVE          .

      In this action arising from a construction accident, plaintiff's counsel Subin Associates, LLP seeks leave to withdraw pursuant to CPLR 321. Defendants Metropolitan Transportation Authority (sued herein as "Metropolitan Transit Authority") and New York City Transit Authority oppose the motion.

## BACKGROUND

      On this motion, plaintiff's counsel Subin Associates, LLP (Subin) seeks to withdraw as counsel because it "does not believe it appropriate for it to continue to litigate this matter pursuant to the New York Rules of Professional Conduct" (affirmation in support of motion [NYSCEF Doc. No. 46] ¶ 16). Subin further states that it "is not detailing all of the relevant facts but we are prepared to do so on an *in-camera*, *ex parte* basis if required to do so by the Court" (*id.* ¶ 17).

      Defendants Metropolitan Transportation Authority and New York City Transit Authority submit "limited opposition" on the grounds that "Subin's office has not set forth

**151047/2023  PAULINO, JULIO CESAR vs. METROPOLITAN TRANSIT AUTHORITY ET AL**     **Page 1 of 6**
**Motion No.  001**

1 of 6

[* 1]

the basis for the relief requested" (affirmation in opposition [NYSCEF Doc. No. 60] ¶¶ 2-3). Defendants "also object to any ex-parte communications between the Court and Subin" (*id.* ¶ 3).

Defendants contend that "Subin's office has filed over 70 motions seeking to be relieved as counsel for various plaintiffs thus far in 2024 alone" (*id.* ¶ 2). Defendants assert that in the "vast majority" of those motions, "Subin employs the same vague language as justification for the relief requested" (*id.* ¶ 4). Defendants contend that Subin's "somewhat cryptic justification (that plaintiff's counsel 'does not believe it appropriate for it to continue to litigate this matter pursuant to the New York Rules of Professional Conduct') suggests something improper on the part of the plaintiff" (*id.* ¶ 5). However, "Defendants readily admit that at present, they do not have evidence that the basis for Subin seeking to withdraw as counsel is that plaintiff is intending to commit perjury (*id.* ¶ 11).

The court held oral argument on this motion on May 28, 2024 at 2:15 PM. Subin, defendants and third-party defendant United Steel Products, Inc. appeared; plaintiff did not appear. During oral argument, Subin stated that plaintiff had informed Subin that he had no opposition to Subin's motion to withdraw. Subin further informed the court that the basis for its withdrawal was pursuant to the subsection (c) of Rule 1.16 (i.e. permissive withdrawal) rather than pursuant to subsection (b) (i.e. mandatory withdrawal).

During oral arguments, counsel for defendants requested leave to submit a transcript of an oral argument from a similar motion by Subin, made in a different action, as an additional exhibit, and the court denied this request. Meanwhile, counsel for third-party defendant initially stated that it took no position on the motion. However, after oral argument was concluded, third-party defendant asked to go back on the record to request permission to submit opposition papers, to include the transcript which defendants attempted to offer. This request was also denied.

## DISCUSSION

To be granted leave to withdraw from representing their client in a pending action, the moving attorney must establish "good and sufficient cause for withdrawal, and that reasonable notice had been provided to" the client (*Genn v Ratnathicam*, 187 AD3d 539 [1st Dept 2020]).

The court notes that Subin has established that it provided reasonable notice to its client (affidavit of service on client [NYSCEF Doc. No. 57]), and no party asserts that the motion should be denied for failure to provide reasonable notice. Thus, the only issue presented is whether Subin established "good and sufficient cause" for withdrawal.

**151047/2023  PAULINO, JULIO CESAR vs. METROPOLITAN TRANSIT AUTHORITY ET AL**          **Page 2 of 6**
**Motion No.  001**

2 of 6

[* 2]

In making clear that they were omitting certain facts from their affirmation, Subin states that it is following the guidance of comment 3 to Rule 1.16 of the New York State Rules of Professional Conduct, which states, in relevant part:

> "Court approval or notice to the court is often required by applicable law, and when so required by applicable law is also required by paragraph (d), before a lawyer withdraws from pending litigation. Difficulty may be encountered if withdrawal is based on the client's demand that the lawyer engage in unprofessional conduct. The court may request an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would constitute such an explanation. The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rule 1.6 and Rule 3.3"

(Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.16 Comment [3], quoted in affirmation in support ¶ 17 n 1). Subin's application was also consistent with an ethics opinion from the New York State Bar Association, which states, in relevant part:

> "14. Where withdrawal may be accomplished simply on the basis of counsel's statement that professional considerations require it, no more should be disclosed. Accordingly, even where the information would not be deemed 'confidential' as defined by Rule 1.6, it should not be disclosed if withdrawal can be accomplished without disclosure.
>
> 15. Where withdrawal may not be accomplished simply on the basis of counsel's statement that professional considerations require it, but disclosing more would not be permitted under Rule 1.6(b), the lawyer could not disclose that the client has requested that he file papers that the lawyer believes are frivolous, let alone copies of the client's prior frivolous filings.
>
> Whether Disclosure Is Ordered by the Court
>
> 16. In some circumstances, the court may press the lawyer for further explanation that 'professional considerations' require the withdrawal. If the court orders the lawyer to disclose information the lawyer believes is confidential, Rule 1.6(b) permits the lawyer to comply to the extent the lawyer reasonably believes necessary without violating his ethical obligation to protect a client's confidential information. Rule 1.6 states in relevant part:
>
> > (b) A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary: * * *

**151047/2023   PAULINO, JULIO CESAR vs. METROPOLITAN TRANSIT AUTHORITY ET AL**          **Page 3 of 6**
**Motion No. 001**

3 of 6

[* 3]

(6) when permitted or required under these Rules or to comply with other law or court order.

17. But even where Rule 1.6 authorizes disclosure of client confidential information as a result of a court order, Comment [14] to Rule 1.6 suggests that disclosure adverse to the client's interest should be no greater than the lawyer reasonably believes necessary to accomplish the purpose. Moreover, if the court does not order disclosure (for example, if it merely states that permission to withdraw will not be granted without more information about the reasons for the motion to withdraw) then the exception in Rule 1.6(b)(6) does not apply"

(NY St Bar Assn Comm on Prof Ethics Op 1057 [2015], available at https://nysba.org/ethics-opinion-1057/ [last accessed May 29, 2024]).

This court sees no reason to depart from comment 3's guidance that a "lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient" (Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.16 Comment [3]). Further inquiry is not necessary because no one is asserting that Subin's withdrawal was made for tactical reasons, and plaintiff did not oppose Subin's withdrawal. Thus, this court finds Subin's statement that it "does not believe it appropriate for it to continue to litigate this matter pursuant to the New York Rules of Professional Conduct" provides "good and sufficient cause for withdrawal" in this case (affirmation in support of motion ¶ 16; *Genn*, 187 AD3d at 539).

Defendants are apparently seeking more detailed information about the circumstances of Subin's withdrawal to force Subin to disclose information obtained during its representation of plaintiff that defendants believe might be relevant to their defense against plaintiff's claims. Such disclosure could therefore conceivably prejudice plaintiff, but defendants argue that such disclosure would not be privileged.

Defendants' counsel's mere suspicion is not a basis for the confidential and privileged communications between plaintiff and Subin to be divulged to defendants and third-party defendant (*see Securities Inv. Protection Corp. v Bernard L. Madoff Inv. Sec. LLC*, 319 FRD 100, 108 [SDNY 2017] ["Mere suspicion, however, is not enough to warrant invading the attorney-client privilege"]).

Even assuming, for the sake of argument, that Subin must provide a more detailed explanation of the ethical considerations that are prompting its withdrawal, these details would have to be provided *in camera* and not on the record, so that Subin is not placed in the position of having to violate the duty of confidentiality owed to plaintiff.

*Marte v 2013 Amsterdam LLC* (— Misc 3d —, 2024 NY Slip Op 24086, *2 [Sup Ct, NY County Mar. 19, 2024]), which defendants cite, is distinguishable. There, another judge of the Supreme Court, New York County denied an application by Subin

**151047/2023   PAULINO, JULIO CESAR vs. METROPOLITAN TRANSIT AUTHORITY ET AL**                    **Page 4 of 6**
**Motion No.  001**

4 of 6

[* 4]

to withdraw, finding, among other things, "that the authorities cited [by Subin] fail to set forth any legal authority permitting the court's consideration of the proposed ex-parte communications (affirmation in opposition ¶ 13). In this case, however, Subin has submitted various cases to support allowing *in camera* submissions on motions to withdraw as counsel (affirmation in support ¶ 17 n 1; *see also ISC Holding AG v Nobel Biocare Investments, N.V.*, 759 F Supp 2d 289, 294 [SDNY 2010] ["it is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw"], *affd sub nom. ISC Holding AG v Nobel Biocare Fin. AG*, 688 F3d 98 [2d Cir 2012]).

Lastly, this action is presently in the discovery phase, and party depositions are not scheduled to take place until late July. Therefore, it does not appear that the plaintiff's rights or the rights of any party will be materially prejudiced by any minimal delay that might be occasioned by plaintiff finding new counsel or representing himself—and indeed, the stay of this action will end right before plaintiff's deposition scheduled for July 22, 2024 (*see Bok v Werner*, 9 AD3d 318 [1st Dept 2004] ["Although the case has been pending since 1998, discovery has not been completed, and the attendant delay in giving plaintiff time to secure new counsel may be minimized by the court's setting and monitoring a firm schedule for all remaining pre-trial proceedings"]).

## CONCLUSION

Upon the foregoing documents, it is **ORDERED** that the motion of Subin Associates, LLP, by James W. Coscia, Esq. to be relieved as attorney for plaintiff is **GRANTED** upon filing of proof of compliance with the following conditions; and it is further

**ORDERED** that Subin Associates, LLP, is directed to serve a copy of this order with notice of entry upon the former client at the client's last known address by certified mail, return receipt requested, and upon the attorneys for all other parties appearing herein by posting to the New York State Courts Electronic Filing System (NYSCEF); and it is further

**ORDERED** that, together with the copy of this order with notice of entry served upon the former client, Subin Associates, LLP, shall forward a notice directing the former client to appoint a substitute attorney within 30 days from the date of the mailing of the notice and the client shall comply therewith, except that, in the event plaintiff intends instead to represent himself and proceed without an attorney, plaintiff shall notify the Clerk of the Part of this decision in writing within said 30-day period; and it is further

**ORDERED** that any new attorney retained by plaintiff must file a notice of appearance with the Clerk of the General Clerk's Office and the Clerk of the Part within 40 days from the date the notice to retain new counsel is mailed; and it is further

**151047/2023   PAULINO, JULIO CESAR vs. METROPOLITAN TRANSIT AUTHORITY ET AL**          Page 5 of 6
**Motion No.  001**

**ORDERED** that no further proceedings may be taken against the former client without leave of this court for a period of **45 days** after service on the former client of the aforesaid notice to appoint a substitute attorney; and it is further

**ORDERED** that the parties are directed to appear in person for the previously scheduled status conference on **August 29, 2024,** at **10:30 a.m.** in courtroom **280**, 80 Centre Street, New York, New York 10013.

*If plaintiff does not appear at the next status conference, either as a self-represented litigant or with a new attorney, then the case may be dismissed due to plaintiff's failure to appear at the status conference, upon the request of the appearing defendants*.

20240529150810RTSAIE4724338ABBA46F989476907DF140A2A

| | | | |
|---|---|---|---|
| **5/29/2024** | | | |
| **DATE** | | **RICHARD TSAI, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151047/2023   PAULINO, JULIO CESAR vs. METROPOLITAN TRANSIT AUTHORITY ET AL**
Motion No.  001

Page 6 of 6

6 of 6