American Empire Surplus Lines Ins. Co. v SRCC Corp. (2024 NY Slip Op 51072(U))

[*1]

American Empire Surplus Lines Ins. Co. v SRCC Corp.

2024 NY Slip Op 51072(U)

Decided on August 20, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2024
Supreme Court, Kings County

American Empire Surplus Lines Insurance Company, Plaintiff,

against
SRCC Corp. f/k/a SMITH RESTORATION, INC., and SMITH RESTORATION, INC., Defendants.

Index No. 530835/2021

Law Office of Jason M. Baxter, Manhattan (Jason M. Baxter of counsel), for defendant SRCC Corp.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
NYSCEF Doc No. 1: Summons & complaint
NYSCEF Doc No. 4: Answer
NYSCEF Doc No. 13: Proposed order to show cause
NYSCEF Doc No. 14: Affirmation of Jason M. Baxter, Esq.
NYSCEF Doc No. 15: Signed order to show cause
NYSCEF Doc No. 16: Order, Aug. 2, 2024
NYSCEF Doc No. 17: Transcript of motion appearance
 Question Presented
Should an attorney's noncompliance with the Court-added service provisions in the order to show cause bringing on his motion to be relieved as counsel be excused on the basis that (a) the attorney expected the Court to routinely sign whatever was placed in front of it, (b) he did not expect the Court to modify the proposed order to show cause's drafted provisions for serving the client, or (c) he would have had to incur unreimbursable expenses if the added service provisions were complied with?

 Background
The instant action alleges that Plaintiff previously obtained a judgment against Defendant Smith Restoration, Inc. in 2018 in the amount of $354,553.92. Thereafter, according to the complaint (filed December 2, 2021), said judgment debtor transferred assets to Defendant SRCC Corp. in violation of New York Debtor and Creditor Law §§ 270 et seq. Defendant SRCC Corp., represented by counsel of record, filed an answer on January 27, 2022. (See generally NY St Cts Elec Filing [NYSCEF] Doc Nos. 1, complaint; 4, answer.)
On April 23, 2024, counsel for Defendant SRCC Corp. filed a proposed order to show cause and a supporting affirmation, seeking to be relieved from representing said Defendant (see NYSCEF Doc Nos. 13, proposed order to show cause; 14, Jason M. Baxter aff). Counsel averred, "I have had a difference of opinion regarding the strategy of the case and how to proceed such that I can no longer continue to represent Defendant SRCC CORP" (NYSCEF Doc No. 14, Jason M. Baxter aff ¶ 4), and "Additionally, I have had a difference of opinion with my client regarding the fee arrangement and how I am to be compensated" (id. ¶ 5).
When the proposed order to show cause was submitted by counsel to the Court for its review, the drafted service provision provided for service on the client by mail only (see NYSCEF Doc No. 13, proposed order to show cause at 2). The Court crossed off said proposed mode of service and substituted the following in its place:
(a) Personal service pursuant to CPLR311; and
(b) Delivery by overnight Express Mail (without requiring the recipient to sign) to each such Defendant's business addresses known to the movant, accompanied by (1) a cover sheet which contains in at least size 26-point type in bold, "ENCLOSED ARE LEGAL PAPERS WHICH INVOLVE A MOTION BY YOUR ATTORNEY(S) TO BE RELIEVED OF RERESENTING YOU IN A LAWSUIT. PLEASE READ CAREFULLY. THE COURT URGES YOU TO ATTEND IN PERSON OR THROUGH ANOTHER ATTORNEY SO THAT YOU CAN RELATE YOUR POSITION TO THE COURT," and (2) a copy of the summons and complaint in this action; and
(c) Delivery by certified mail return receipt requested to each such Defendant's business addresses known to the movant, accompanied by (1) a cover sheet which contains in at least size 26-point type in bold, "ENCLOSED ARE LEGAL PAPERS WHICH INVOLVE A MOTION BY YOUR ATTORNEY(S) TO BE RELIEVED OF RERESENTING YOU IN A LAWSUIT. PLEASE READ CAREFULLY. THE COURT URGES YOU TO ATTEND IN PERSON OR THROUGH ANOTHER ATTORNEY SO THAT YOU CAN RELATE YOUR POSITION TO THE COURT," and (2) a copy of the summons and complaint in this action; and
(d) Delivery by email to all known email addresses for each such Defendant, the email caption reading, "[Name of attorney or law firm]'s motion in court to be relieved as your attorney," and the email itself referencing the attached papers, and the email contents stating, (1) "ATTACHED ARE LEGAL PAPERS WHICH INVOLVE A MOTION BY YOUR ATTORNEY(S) TO BE RELIEVED OF RERESENTING YOU IN A LAWSUIT. PLEASE READ CAREFULLY. THE COURT URGES YOU TO ATTEND IN PERSON OR THROUGH ANOTHER ATTORNEY SO THAT YOU CAN RELATE YOUR POSITION TO THE COURT," and (2) "Papers are also being mailed to you via the United States Postal Service at [set forth addresses]." (NYSCEF Doc No. 15, signed order to show cause at 3.)
With that modification in the service provision and information pertaining to the return date and time being inserted, this Court signed the order to show cause on July 3, 2024 (see id.).[FN1]

 Motion Return Day Proceedings
This Court's experience has been that in nearly all instances where counsel representing a client has sought to be relieved of the representation, the client has not appeared on the return day of the motion. As is the practice of this Court, on the return day of the instant motion, August 2, 2024, the Court endeavored to review proof of service on the client to confirm that the order to show cause and supporting papers were served as per the service provisions. Here, none was filed on NYSCEF.
Thus, the Court made inquiry of counsel. Counsel responded that he did not have proof of service (see NYSCEF Doc No. 17, transcript at 2, lines 5-7). The colloquy between the Court and counsel which thereupon ensued astounded the Court, as counsel justified not having served the client whom he sought to no longer represent:
MR. BAXTER: Your Honor, I was going to make an application. I spoke to my client after I got the signed order. I asked him if he would agree to waive the service if I gave him a copy so I didn't have to serve and mail and the various other forms that you asked for since I'm not getting paid and I'm not going to get paid for doing all that. He agreed to waive it. I sent him a stipulation. He was telling me he's going to get it back to me. I thought I would have it by today. I even called him this morning. I asked him if he was going to send it to me. He said, yeah, I'm going to send it but he hasn't sent it to me yet. I'm asking for an adjournment so I can get this stipulation.
. . .
MR. BAXTER: Judge, I have five cases with this client. I've withdrawn from three of them. This is the fourth and there is one more.
THE COURT: So what is it? You wanted to be excused from following the Court's directives about service? Is that it?
MR. BAXTER: Yes, your Honor.
. .
MR. BAXTER: . . . In three of the other orders to show cause service was completed without a problem. My understanding it's a unified court system. It's intended to have the same rules from court to court. I didn't realize this Court's part would require me to serve him —
THE COURT: It was in the order to show cause.
MR. BAXTER:  at great expense to myself.
THE COURT: It was in the order to show cause.
MR. BAXTER: Not the one that I filed. It was in the —
THE COURT: No. That's right. I modified the order. I put down what you had to do.
MR. BAXTER: Yes, your Honor. I was not expecting that.
THE COURT: Well you were not expecting it?
MR. BAXTER: I was not expecting you to modify my order, no.
THE COURT: You just thought I would routinely sign whatever you put in front of me, right?
MR. BAXTER: As did the other Courts, yes.
THE COURT: Oh, so because I do it differently. I want to make sure that the client who you want to fire that the client gets noticed. So you're a little shocked that I do it differently than other judges.
MR. BAXTER: Yes, I was, your Honor.
THE COURT: Okay. Well your motion is denied. You didn't serve the client in accordance with the order to show cause. Fill out a short form order to that effect.
MR. BAXTER: Understood. (Id. at 2, line 10 through 5, line 4.)
To say the least, the Court was taken aback by counsel's justifications for failing to serve the order to show cause in the manner directed. Besides explaining why counsel's motion to withdraw is being denied, the Court uses this opportunity to explain why orders to show cause to be relieved as counsel which are submitted to it are modified to add service provisions requiring multiple modalities of service on the client.
CPLR 321 (b) (2) provides, "An attorney of record may withdraw or be changed by order of the court in which the action is pending, upon motion on such notice to the client of the withdrawing attorney, to the attorneys of all other parties in the action or, if a party appears without an attorney, to the party, and to any other person, as the court may direct (emphasis added)."
It has been held that the judge signing an order to show cause to bring on a motion by an attorney to be relieved as counsel has broad discretion in fashioning the modality of service to be used:
CPLR 321(b)(2), which prescribes the procedure by which an attorney of record may withdraw his representation of a client, provides that the attorney's application for such relief must be made "on such notice to the client of the withdrawing attorney * * * as the court may direct". In promulgating the subject statute, the Legislature declined to specifically delineate the manner in which service of the required notice was to be effected. Instead, the Legislature determined that the manner of service was best left to the court, whose discretion was to be exercised on a case-by-case basis (see, Universal El. Co. v. Jordan El. Co., 110 Misc 2d 670; see also, 1980 McKinney's Session Laws of [*2]NY, at 1931-1932).
. . . The order to show cause and accompanying affirmation by which the attorney made his application specified that the plaintiff was to be served with the requisite notice by certified mail, return receipt requested. Specifically, a copy of the papers submitted by the attorney were to be sent to the plaintiff's last-known address, as well as to her parents' residence. In addition, the attorney's affirmation recounted the substantial efforts which he had expended in attempting to locate the plaintiff. In this manner, the attorney advised the court to which the order to show cause was presented of all the factors pertaining to the giving of the required notice (see, 1980 McKinney's Session Laws of NY, at 1931-1932). Therefore, under the facts of this case, we conclude that the judge who signed the order to show cause acted well within the broad discretion vested in him by the Legislature in permitting the attorney to proceed via service by certified mail, return receipt requested. Accordingly, the court which adjudicated the merits of the attorney's application erred in denying the requested relief on the ground that it was not satisfied that the plaintiff actually received notice of counsel's application. (Wong v Wong, 213 AD2d 399, 400 [2d Dept 1995].)
"As a general rule, an attorney may obtain leave of court to terminate the attorney-client relationship at any time upon reasonable notice, for a good and sufficient cause, including the client's failure to pay legal fees and the failure to cooperate in his or her representation so as to cause a breakdown in that relationship (see 22 NYCRR 1200.0, Rule 1.16 [c]; Misek-Falkoff v Metro. Tr. Auth., 65 AD3d 576, 577 [2d Dept 2009]; Rivarderneria v New York City Health and Hosps. Corp., 306 AD2d 394, 395 [2d Dept 2003]; Tartaglione v Tiffany, 280 AD2d 543, 543 [2d Dept 2001]; Adler v Mitchell, 2022 NY Slip Op 50665[U], *2, 2022 NY Misc LEXIS 3194, *3 [Sup Ct, NY County, Jul. 25, 2022])" (Ventura v Choi, 2023 WL 4290358, *1 [Sup Ct, NY County, June 29, 2023, No. 805374/2016]). However, an attorney's right to withdraw as counsel is not absolute, and a sound reason must be provided why counsel should be allowed to withdraw (see Matter of Jamieko A., 193 AD2d 409 [1st Dept 1993]).
"The decision to grant or deny permission for counsel to withdraw lies within the discretion of the trial court" (McDonald v Shore, 100 AD3d 602, 603 [2d Dept 2012] [internal quotation marks and citations omitted]).
Upon reading counsel's affirmation submitted in support of the proposed order to show cause commencing the motion to be relieved, this Court found good cause to sign the order to show cause and schedule a hearing on the motion. It signed the order to show cause. An attorney's withdrawal of representation, however, should not be treated as a pro forma matter. At some point in time, the attorney agreed to represent the client. That begets a responsibility to act in the best interests of the client and proceed to prosecute the client's claim or, as was the case here, to assiduously pursue the client's defenses to the plaintiff's claim. Even if there exists a valid reason for withdrawal, the client is not to be treated as a wet dishrag to be dumped in a bucket.
Motions to be relieved as counsel are brought on by order to show cause because the CPLR provides for notice to be given "as the court may direct" (CPLR 321 [b] [2]). Doing so enables the court to fashion modalities of service to make it more likely than not that the client receives notice and understands the significance of the attorney's application to disengage from the representation. This is especially important considering that by seeking to withdraw, the [*3]client's interests and the attorney's are no longer in sync. The client may even object to the attorney's withdrawal.[FN2]
If an attorney is relieved, then the client will either have to retain another attorney or represent themself pro se (unless it is a business entity requiring an attorney). And, in many instances, the client does not appear. Nonetheless, this Court views the situation to be important enough that at least the client receive notice calculated to result in its receipt and that the client be apprised of the seriousness of losing representation by their attorney. That is why this Court adds the following paragraph (modified to reflect the status of the client, i.e., natural person, corporation, or limited liability company) in a large type size at the end of the order to show cause in attorney withdrawal situations:
To the parties who are represented by the law firm moving to be 
 relieved of representing you: You are strongly encouraged to appear in court 
 on the return date of this order to show cause as your rights are affected 
 by this lawsuit. A limited liability company and/or a corporation must 
 appear by an attorney. A natural person may appear pro se or by an attorney.[FN3]
Returning to the instant motion, counsel's client was a corporation. Therefore, the modalities of service ordered were personal service pursuant to CPLR 311 (personal service upon a corporation), overnight Express Mail (without a required signature), and certified mail, return receipt requested. The thought is that at least one modality in mailing will result in delivery as no confirmatory signature will be required. Without having to sign for the overnight Express Mail, the envelope will be delivered and not returned to the post office. The other modality of mailing will require a signature and, if the client signs the return receipt, there is proof of receipt. Finally, CPLR 311 service adds an extra means of providing notice. Altogether, at least one of the methods should result in receipt by the client. And if the client receives all three, the importance of the matter would be impressed upon the client. This is what underlies this Court's prescription of multiple modalities of service.
What transpired in the within case, however, was that the attorney was obviously annoyed that the Court elected to require three modalities of service which would result in the attorney's incurring a bit of an expense (but not that much really). He also was evidently perturbed that this Court changed the originally drafted service provision and prescribed its own service provisions.
Yes, it is true that the attorney would have had to spend some money on effectuating all three modalities of service. On the other hand, the attorney did undertake the responsibility of representing the client at the outset. It is always possible that the attorney-client relationship [*4]would go sour at some point, and an attorney undertaking representation has to be cognizant of this at the outset. Once representation begins, however, the client is entitled to notice, and the Court has the obligation to insist that the service be calculated to result in receipt.
The attorney's statement to the Court that he wanted to be excused from following the Court's service directives (see NYSCEF Doc No. 17, transcript at 3, lines 8-11) betrays a cavalier attitude toward the situation. The attorney's attempt to have the client waive receipt through the prescribed methods of service and receive a copy of the papers in another manner borders on disrespect for the process that the CPLR prescribes — that it is the court which sets the modalities of service. Nothing stopped the attorney from sending an extra copy in another manner, perhaps by first-class mail, but the order to show cause's prescribed modalities still had to be complied with.
The mode of service of an order to show cause is jurisdictional and must be complied with (see Serrao v Slope Stor., 223 AD3d 927 [2d Dept 2024]; Crown Waterproofing, Inc. v Tadco Constr. Corp., 99 AD3d 964 [2d Dept 2012]; El Greco Socy. of Visual Arts, Inc. v Diamantidis, 47 AD3d 929 [2d Dept 2008]). 

Conclusion
This Court holds that an attorney's application to withdraw from representing a client should be denied when the attorney knowingly elected not to serve the client per the order to show cause's Court-added service provisions. It is not an excuse that the attorney expected the Court to routinely sign whatever was placed in front of it, that he did not expect the Court to modify the proposed order to show cause's drafted provisions for serving the client, or that he would have had to incur unreimbursable expenses if the added service provisions were complied with.
Since the service provisions of the order to show cause bringing on the motion by Defendant SRCC Corp.'s attorney to be relieved were not complied with, the motion was denied on the motion return date, August 2, 2024. An order embodying that determination was signed and entered (see NYSCEF Doc No. 16, order).
Dated: Brooklyn, New York, August 20, 2024
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:There was a delay between submission of the proposed order to show cause and its transmittal to the Court.

Footnote 2:Recently, this Court encountered such a situation. The client appeared in court in response to being served with the order to show cause and supporting papers. While she had exchanged harsh words with one of the attorneys in the law office, she still wanted the firm to represent her. On her own volition, she actually apologized to the appearing attorney in the courtroom and asked that they continue to represent her. The law firm withdrew its motion to withdraw. This would not have transpired had the client not received notice of the motion.

Footnote 3:This is in addition to the advisories in capital letters which are supposed to accompany service and inclusion of a copy of the summons and complaint in the mailed envelopes (see supra at 2).